IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: **08-CV-60996-Cohn-Seltzer**

FLEXITEEK AMERICAS, INC., a Florida Corporation,
FLEXITEEK INTERNATIONAL AS, a Foreign
Corporation,

        Plaintiffs,

vs.

PLASTEAK, INC., an Ohio Corporation,
PLASDECK, INC., an Ohio Corporation,
and ANDRE BATISTA, an individual,

        Defendants.

_____/

```
FILED by  VT   D.C.
ELECTRONIC

JUNE 30, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
```

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs, FLEXITEEK AMERICAS, INC., a Florida corporation ("Flexiteek") and FLEXITEEK INTERNATIONAL AS, a foreign corporation ("Flexiteek International") file this Complaint against Defendants, PLASTEAK, an Ohio corporation ("PlasTEAK"), PLASDECK, an Ohio corporation ("PlasDECK"), and ANDRE BATISTA, an individual ("Batista") and allege as follows:

### PARTIES

1.    The Plaintiff, Flexiteek, is a Florida corporation with its principal place of business at 3109 N.W. 25th Avenue, Pompano Beach, FL, 33069, and is, for reasons set forth below, subject to the jurisdiction of this Court.

2.    The Plaintiff, Flexiteek International is a foreign corporation with its principal offices located at Stranden 3B, 0250 Oslo, Norway, which operates in Broward County through

1

its wholly owned subsidiary, Flexiteek and is, for the reasons set forth below, subject to the jurisdiction of this Court.

3.      The Defendant, PlasTEAK is an Ohio corporation with its principal place of business at 3563 Copley Road, Copley, Ohio, 44321 and is, for the reasons set forth below, subject to the jurisdiction of this Court.

4.      The Defendant, PlasDECK is an Ohio corporation with its principal place of business at 3563 Copley Road, Copley, Ohio 44321 and is, for the reasons set forth below, subject to the jurisdiction of this Court.

5.      The Defendant, Andre Batista is an individual with his principal place of business at 208 N.E. 33rd St., Oakland Park, Florida 33334 and is, for the reasons set forth below, subject to the jurisdiction of this Court.

6.      The Defendant, PlasTEAK is distributing a product known as "PlasTEAK", which is composite material resembling a plain of teak wood that is used for decking material of marine vessels ("Accused Product"), in the United States, and specifically in the State of Florida.

7.      The Defendant, PlasDECK is distributing a product known as "PlasDECK", which is a composite material resembling a plain of teak wood that is used for decking material of marine vessels ("Accused Product"), in the United States, and specifically in the State of Florida.

8.      The Defendant, Batista, is installing products known as "PlasDECK", which is a composite material resembling a plain of teak wood that is used for decking material of marine vessels ("Accused Product"), in the United States, and specifically in the State of Florida.

2

## NATURE OF THE ACTION

9.     This action arises under the patent laws of the United States, Title 35, United States Code, and is a claim for damages and injunctive relief pursuant to Sections 281 and 283-85 of that Title.

## JURISDICTION AND VENUE

10.     Jurisdiction of this Court over this action is based on 28 U.S.C. § 1338.  Venue properly lies with the Southern District of Florida pursuant to the provisions of 28 U.S.C. § 1391. Upon information and belief, PlasTEAK, PlasDECK, and Batista have sold or installed products into the Southern District of Florida which infringe on a patent owned by Flexiteek International.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

11.     On May 24, 2005, Derek Gordon Whitaker secured a patent for a "Shape Conforming Surface Covering designated as United States Patent No. 6,895,881 ("the '881 Patent").  The '881 Patent is attached to this Complaint as **Exhibit "A"**).

12.     The '881 Patent is presumed valid pursuant to 35 U.S.C. § 282, and the validity of which is acknowledged by PlasTEAK.

13.     Flexiteek International is the owner of the '881 Patent, and all rights appurtenant and attendant thereto.

14.     Flexiteek International through Flexiteek is in the business of manufacturing and selling in the United States a composite alternative to teak decking that can be applied to almost any surface including fiberglass, steel and wood, which is one of the embodiments of the '881 Patent.

3

15.     PlasTEAK, PlasDECK, and Batista are also in the business of manufacturing, installing, and/or selling in the United States a composite alternative to teak decking that can be applied to almost any surface including fiberglass, steel and wood.

16.     Upon information and belief, PlasTEAK, PlasDECK, and Batista were and are currently aware of the '881 Patent, that the Accused Product infringes upon the '881 Patent, and that all production, marketing, installing and/or sales of the Accused Product in the United States is prohibited by United States law.

17.     Neither PlasTEAK, PlasDECK, nor Batista have a license from Flexiteek International to produce, market or sell the Accused Product under the '881 Patent in the United States.

18.     Upon information and belief, both PlasTEAK, PlasDECK, and Batista continue to manufacture the Accused Product which infringes on the '881 Patent.

## COUNT I
## PATENT INFRINGEMENT CLAIMS

19.     The Plaintiff(s) reallege and reassert Paragraphs one (1) through eighteen (18) as if set forth more fully herein, and are incorporated by reference, but would allege still further:

20.     Upon information and belief, PlasTEAK, PlasDECK, and  Batista are making, using, installing offering to sell, and/or selling products that infringe on the claim of the '881 Patent without authority or license from Flexiteek International as follows:

a.     PlasTEAK, PlasDECK, and Batista are making, using, installing, offering to sell, and/or selling products or a product that is a covering, which infringes on the element "covering" of claim 1 of the '881 Patent.

4

b.      PlasTEAK, PlasDECK, and Batista are making, using, installing, offering to sell, and/or selling products or a product made of elongated sheets, which infringes on the element "comprises planks or sheet" of claim 1 of the '881 Patent.

c.      PlasTEAK, PlasDECK, and Batista are making, using, installing, offering to sell, and/or selling products or a product made of flexible material, which infringes on the element "of a flexible material" of claim 1 of the '881 Patent.

d.      PlasTEAK, PlasDECK, and Batista are making, using, installing,  offering to sell, and/or selling products or a product designed to be connected aside each other, which infringes on the element "adapted to be interconnected aside of each other" of claim 1 of the '881 Patent.

e.      PlasTEAK, PlasDECK, and Batista are making, using, installing, offering to sell, and/or selling products or a product that forms a solid, assembled surface, which infringes on the element "thereby forming an assembled surface covering" of claim 1 of the '881 Patent.

f.      PlasTEAK, PlasDECK, and Batista are making, using, installing, offering to sell, and/or selling products or a product where said product's sheets may be cut to desired shape and width, which infringes on the element "of optional length and width" of claim 1 of the '881 Patent.

g.      PlasTEAK, PlasDECK, and Batista are making, using, installing, offering to sell, and/or selling products or a product that can be laid in curved formations, which infringes on the element "and which planks are of a material that can be laid in curved formations" of claim 1 of the '881 Patent.

h.      PlasTEAK, PlasDECK, and Batista are making, using, installing, offering to sell, and/or selling products or a product with a textured upper surface, which infringes on the element "and which at the upper surface of the covering is roughened" of claim 1of the '881 Patent.

i.      PlasTEAK, PlasDECK, and Batista are making, using, installing, offering to sell, and/or selling products or a product with a textured surface that looks like wood, which infringes on the element "so as to imitate any unique grain effect of wooden material" of claim 1 of the '881 Patent.

j.      PlasTEAK and Batista are making, using, installing, offering to sell, and/or selling products or a product that has longitudinal slots, which infringes on the element "further characterized in that the planks or sheet are formed with longitudinal slots at the underside thereof" of claim 1 of the '881 Patent.

k.      PlasDECK and Batista are making, using, installing, offering to sell, and/or selling products or a product that has longitudinal striations or grooves, which perform the same function in substantially the same way to obtain the same result, and therefore, through the Doctrine of Equivalents, infringes on the element "further characterized in that the planks or sheets are formed with longitudinal slots at the underside thereof" of claim 1 of the '881 Patent.

l.      PlasTEAK and Batista are making, using, installing, offering to sell, and/or selling products or a product that may be curved to fit a surface, which infringes on the element "for facilitating forming of curved coverings" of claim 1 of the '881 Patent.

m.      PlasDECK and Batista are making, using, installing, offering to sell, and/or selling products or a product that may be curved to fit a surface, which performs the same

6

function in substantially the same way to obtain the same result, and therefore, through the Doctrine of Equivalents, infringes on the element "for facilitating forming of curved coverings" of claim 1 of the '881 Patent.

n.    PlasTEAK and Batista are making, using, installing, offering to sell, and/or selling products or a product that has a bottom surface designed for bonding to a surface, which infringes on the element "and for acting as a base for a glue or adhesive material" of claim 1 of the '881 Patent.

o.    PlasDECK and Batista are making, using, installing, offering to sell, and/or selling products or a product that has a bottom surface designed for bonding to a surface, which performs the same function in substantially the same way to obtain the same result, and therefore, through the Doctrine of Equivalents, infringes on the element "and for acting as a base for a glue or adhesive material" of claim 1 of the '881 Patent.

p.    PlasTEAK, PlasDECK, and Batista are making, using, installing, offering to sell, and/or selling products or a product that uses glue or adhesive to bond the covering to the surface, which infringes on the element "glue or adhesive material" of claim 1 of the '881 Patent.

q.    PlasTEAK, PlasDECK, and Batista are making, using, installing, offering to sell, and/or selling products or a product that uses glue or adhesive to bond the covering to the surface, which infringes on the element "by means of which the surface covering is mounted on a surface recipient" of claim 1 of the '881 Patent.

r.    PlasTEAK, PlasDECK, and Batista are making, using, installing, offering to sell, and/or selling products or a product for use on any surface, which infringes on the element "surface recipient" of claim 1 of the '881 Patent.

7

21.     Upon information and belief, PlasTEAK, PlasDECK, and Batista are also contributing to the infringement of one or more valid claims of the '881 Patent by others and is inducing others to infringe on the '881 Patent.

22.     Upon information and belief, PlasTEAK, PlasDECK, and Batista's infringing activities have been willful and deliberate.

23.     As a result of PlasTEAK, PlasDECK, and Batista's infringing activities, Flexiteek and Flexiteek International have suffered actual damages in an amount to be determined at trial. Additionally, as a result of the willful and deliberate nature of PlasTEAK, PlasDECK, and Batista's infringing activities, Flexiteek and Flexiteek International are entitled to exemplary damages and reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

24.     PlasTEAK, PlasDECK and Batista's acts of infringement have caused irreparable harm to Flexiteek and Flexiteek International for which there is no adequate remedy at law, and will continue to cause irreparable harm unless PlasTEAK, PlasDECK, and Batista are preliminarily and permanently enjoined by this Court from further infringing activity.

## COUNT II
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

25.     The Plaintiff(s) reallege and reassert Paragraphs one (1) through twenty-one (21) as if set forth more fully herein, and are incorporated by reference, but would allege still further:

26.     Upon information and belief, both PlasTEAK and PlasDECK have engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of a trade or commerce in violation of Sections 501.204(1) and 501.203(3)(c) of the Florida Statutes by using Flexiteek's images and text from Flexiteek's website and advertising in PlasTEAK and PlasDECK's website and advertising.

8

27.     Upon information and belief, PlasTEAK and PlasDECK have engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of a trade or commerce in violation of Sections 501.204(1) and 501.203(3)(c) of the Florida Statutes by impugning Flexiteek's products in PlasTEAK and PlasDECK's advertising through very strong implications and statements which are untrue.

28.     Upon information and belief, PlasTEAK and PlasDECK have engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of a trade or commerce in violation of Sections 501.204(1) and 501.203(3)(c) of the Florida Statutes by using the word 'Flexiteek' in the content portion of the META keywords tag on PlasTEAK and PlasDECK's website.

29.     PlasTEAK and PlasDECK's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce described hereinabove is likely to mislead and deceive the public as to the source, sponsorship, approval, or certification of the goods and services at issue or as to PlasTEAK or PlasDECK's affiliation, connection, or association with or certification by Flexiteek.

30.     Flexiteek has been aggrieved by PlasTEAK and PlasDECK's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce as described hereinabove.

31.     PlasTEAK and PlasDECK's actions have been and continue to be intentional, willful, wanton or with reckless disregard for Flexiteek's rights and detrimental to consumers.

## JURY DEMAND

Flexiteek and Fleixteek International demands a trial by jury on all issues so triable in the Complaint.

9

## PRAYER FOR RELIEF

WHEREFORE, Flexiteek and Flexiteek International pray for judgment granting the following relief:

a.     A determination that the '881 Patent is valid and enforceable;

b.     A determination that PlasTEAK, PlasDECK, and Batista have infringed and continue to infringe on the '881 Patent in violation of Flexiteek International's rights;

c.     A determination that PlasTEAK, PlasDECK, and Batista's infringement were willful and deliberate;

d.     A permanent injunction enjoining PlasTEAK, PlasDECK, and Batista from conducting activities that infringe on the '881 Patent during the pendency of this lawsuit;

e.     An award of damages, with interest, adequate to compensate Flexiteek for PlasTEAK, PlasDECK, and Batista's infringement of the '881 Patent;

f.     An award of exemplary damages for willful infringement of the '881 Patent;

g.     An award of reasonable attorneys' fees and costs for willful infringement of the '881 Patent;

h.     Pursuant to Section 501.211(1) of the Florida Statutes, issue a declaratory judgment that PlasTEAK and PlasDECK's acts and practices described hereinabove violates the Florida Deceptive and Unfair Practices ("FDUTPA") and enjoin by injunction all Defendants who have violated, are violating, or are otherwise likely to violate FDUTPA;

i.     Pursuant to Section 501.211(2) of the Florida Statutes, award Flexiteek actual damages plus attorneys' fees and court costs as provided in Section 501.2105 of the Florida Statutes;

10

j.      Award Flexiteek and Flexiteek International punitive damages; and,

k.      Such other relief as this Court may deem just and proper under the circumstances.

Dated: June 30, 2008

                              Respectfully Submitted,

                              SANTUCCI, PRIORE & LONG, LLP
                              S. Tracy Long, Esq.
                              Michael I. Santucci, Esq.
                              Counsel for Plaintiff
                              500 West Cypress Creek Road, Suite 500
                              Fort Lauderdale, Florida 33309
                              (954) 351-7474/telephone
                              (954) 351-7475/facsimile
                              stl@500law.com


              By:    _____
                              S. TRACY LONG, ESQ.
                              Florida Bar No. 0843008

11



US006895881B1

## (12) United States Patent
Whitaker

(10) Patent No.: **US 6,895,881 B1**
(45) Date of Patent: **May 24, 2005**

(54) **SHAPE CONFORMING SURFACE COVERING**

(76) Inventor: **Derek Gordon Whitaker**, 29 Welwick Road, Patrington, East Yorkshire, HU12 Orp (GB)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 13 days.

(21) Appl. No.: **10/018,316**

(22) PCT Filed: **Jun. 19, 2000**
(Under 37 CFR 1.47)

(86) PCT No.: **PCT/SE00/01302**

§ 371 (c)(1),
(2), (4) Date: **Aug. 5, 2003**

(87) PCT Pub. No.: **WO01/00948**

PCT Pub. Date: **Jan. 4, 2001**

(30)        **Foreign Application Priority Data**

Jun. 24, 1999    (GB) ..................................... 9914848
Oct. 8, 1999    (GB) ..................................... 9923690

(51) Int. Cl.$^7$ ................................................. **B63B 5/08**

(52) U.S. Cl. ................... **114/85**; 52/309.16; 52/592.1; 114/357

(58) **Field of Search** ............................. 114/82, 84, 85, 114/86, 88, 357, 358; 52/578, 590.2, 591.2, 52/592.2, 592.6, 582.1, 586.1, 589.1, 592.1, 52/309.16, 177

(56)              **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 491,417 | A | * | 2/1893 | Fincher ...................... 114/86 |
| 1,737,589 | A | * | 12/1929 | Jaspert ................... 52/396.04 |
| 2,250,482 | A | * | 7/1941 | Harshberger ............... 428/168 |
| 2,252,430 | A | * | 8/1941 | Arthur ......................... 52/578 |
| 3,593,479 | A | * | 7/1971 | Hinds et al. ................... 52/313 |
| 4,141,944 | A | * | 2/1979 | Anstadt et al. ........... 264/45.5 |
| 4,453,357 | A | * | 6/1984 | Zwilgmeyer ............... 52/309.8 |
| 5,207,172 | A | | 5/1993 | Wolter |
| 6,295,777 | B1 | * | 10/2001 | Hunter et al. ................. 52/519 |

FOREIGN PATENT DOCUMENTS

GB        2000471 A    1/1979

* cited by examiner

*Primary Examiner*—Sherman Basinger
(74) *Attorney, Agent, or Firm*—Birch, Stewart, Kolasch & Birch, LLP

(57)              **ABSTRACT**

A shape conforming surface covering useful for covering any type of surfaces, and comprising planks (**1, 2**) or sheet of a plastic or flexible material adapted to be interconnected aside of each other thereby forming an assembled surface covering of optional length and width, and which planks (**1, 2**) or sheet are of a material that can be brought to curved formations, and which at the upper surface of the covering is roughened, for instance sanded or filed so as to imitate any unique grain effect of wooden material. Preferably the planks (**1, 2**) or sheet are formed with connection means (**4, 5**) at the longitudinal edges thereof. The surface covering may be an assembled unit comprising planks (**1, 2**) and caulking elements (**3**) between each pair of planks.

**1 Claim, 4 Drawing Sheets**





**U.S. Patent**        May 24, 2005        Sheet 1 of 4        US 6,895,881 B1



Fig. 1

Fig. 2

Fig. 3

Fig. 4

**U.S. Patent**         May 24, 2005         Sheet 2 of 4         US 6,895,881 B1



Fig.5a

Fig.5b

Fig.5c

Fig.5d

Fig.5e

Fig.5f

Fig.5g         Fig.5h

Fig.5i         Fig.5j

Fig.5k



*Fig. 6*

*Fig. 7*

*Fig. 8*

*Fig. 9*



*Fig. 10*



*Fig. 11*

US 6,895,881 B1

<table>
<tr><td>1</td><td>2</td></tr>
</table>

# SHAPE CONFORMING SURFACE COVERING

This application is the national phase under 35 U.S.C. § 371 of PCT International Application No. PCT/SE00/01302 which has an International filing date of Jun. 19, 2000, which designated the United States of America and was published in English.

## FIELD OF THE INVENTION

The present invention relates to a shape conforming surface covering useful for covering a floor surface, a wall surface, a boat or yacht deck, floor boards in boats and yachts, bath and shower room floors and walls coverings, swimming pool surroundings, curved floor plans inside and outside buildings, claddings and coverings of many other types of surface recipients, including decoration. The surface covering according to the invention is formed by strips of an flexible material and is adapted for being laid in slightly curved formation where necessary, and it is generally intended to imitate a type of deck made by teak, mahogany, oregon pine etc. and which is sometimes formed with narrow seams by a rubber type material, which is normally of a contrasting colour, often black.

## BACKGROUND OF THE INVENTION

There are in use many surface coverings, many of which are made of straight planks with a version of the present invention easily being usable. Some applications, however, require conformity to curved shapes of the covering base. A typical example is teak planked deck of a yacht. Such surfaces have to be of a good, non slip character, and have to be at least fairly unaffected by water and have to look attractive. Wood, such as teak has been used for many years, but such wooden material is in many ways impractical and of relatively short lifespan. Curved wooden surfaces necessitate considerable stressing, preparation like adapting of the wooden ribs to any curved surface, fixing by screws, use of sealing compound and regular maintenance, especially scrubbing, oiling and varnishing and the use of pollutant, cleaning chemicals on a regular basis and in large amounts on boat, in particular these chemicals drain into the surrounding water. Curved wooden ribs or planks also involve an inherent spring stress requiring a strong fixation, generally using screws or bolts. Further, the new look of a teak deck is lost within weeks, and the whole deck requires major work or replacement in four to sex six years on average.

## SUMMARY OF THE INVENTION

Ecologically this invention does not require the cutting down of trees and is recyclable. The invention can take the place of tropical hardwoods used throughout the world in many applications.

The present invention is adapted to suggest a shape conforming surface covering comprising lengths of ribs of mostly the same cross section, but with differing cross sections included within the surface or at its edges or ends as required, of specifically shaped plastic material, which plastic ribs are of such flexibility that then can be made to follow at least slightly curved surfaces, tight curves being attainable with the use of heat. The lengths of ribs are adapted to be connected edge to edge in various combinations to form collectively the required size and shape of the surface to be covered. A variation of the invention can be

produced with the same material and finish in other cross sections to used for the edges of steps for example, or other functional or decorative applications. Normally a jointing compound must be used on wooden decks, but according to the invention the individual planks and/or caulking strips are malleable, becoming more and more malleable at increasing temperatures. According to the present invention the need for these "later applied" compound along the joints is no longer necessary. The new shapes or curves taken up by the planks or caulking strips become a relatively stress free feature of these planks or caulking strips unless re-adjustment is necessary, whereby re-adjustment can be made by applying heat to the strips, for instance using a hot air gun, hot water, radiant heat etc.

The planks and strips preferably are formed by extrusion of a plastic material and with matching locking means along the longitudinal edges thereof, preferably groove and tenon means. The planks likewise can be formed with narrow strips of a different coulour imitating seams of the type used in applying wooden deck on a yacht. The colours of the described planks and strips can easily be changed in the manufacturing extrusion process.

The surface covering as assembled, complete or in sections, is fixed to the recipient surface by means of an adhesive, and to this end the planks and strips preferably are formed with a suitable bottom surface facilitating the fixing of the covering. There is no need for using screws or bolts and associated holes because captive springing is not a problem as is normally the case with wooden planking made to confirm with a curvature.

The surface covering according to the invention can be subjected various mechanical an manual abrasive techniques for specifically forming the surface of the plastic material such as sanding under specific conditions to provide a surface effect which is extremely similar to that of grained wood both in texture and appearance.

The surface covering according to the invention is advantegous in several respects over ordinary wooden coverings of similar types:

it is completely waterproof; it is easily washable to look new every time, even jet washable what is not possible for ordinary wooden coverings since jet washing is damaging the wood grain; it is extremely non slip, it is extremely stain resistant; it is easy to assemble; it can easily be laid in curvature; it can easily be shaped using heat; there is no need for using nails, screws or bolts for fixing same to the recipient; it is throughout a solid or an integral material which can be sanded repeatedly upon need.

## BRIEF DESCRIPTION OF THE DRAWINGS

Now the invention is to be described in detail by way of examples and with reference to the accompanying drawings, in which:

FIG. 1 is a fragmentary perspective view of two plank sections with an intermediate caulking strip;

FIG. 2 shows a similar assembled surface with caulking strips in place between the planks;

FIG. 3 is a section showing a planking assuming a curved shape, and

FIG. 4 shows an assembled surface in a curved format;

FIGS. 5a, b, c, d, e, f, g, h, i, and j show cross section examples of methods that can be used to incorporating caulking strips into the surface, FIG. 5k (1, 2, 3, 4) shows examples of profiles to complete requirement for edgings,

US 6,895,881 B1

3

cutting out of shapes etc. to comprises a 'system' or compendium of shapes and profiles;

FIG. 6 illustrates various examples of under-surface cross sections;

FIG. 7 illustrates a belt sanding operation;

FIG. 8 illustrates an alternative texturing technique;

FIG. 9 shows an alternative abrasive tool 14a that can be used to produce the wood grain effect surface;

FIG. 10 illustrates an assembled curved section of a surface in plan view;

FIG. 11 illustrates a way of laying the surface.

DETAILED DESCRIPTION

FIG. 1 shows a surface covering comprising planks 1 and 2 with an intermediate caulking strip 3 between each pair of planks. In the illustrated case the planks 1, 2 are formed with male connection means 4 along one longitudinal edge and female connection means 5 along the opposite longitudinal edge. The caulking strips are formed with equivalent male and female connection means arranged so that a set of planks 1, 2 and intermediate caulking strips 3 provide an integral unit. Adhesive being used in the joint if necessary. Any number of planks 1, 2 can be connected to each other, both with and without intermediate caulking strips 3. The underside of the plank can be formed with a number of recesses 6, which both facilitate a curving of the plank, as illustrated in FIG. 3, and form a connection means for glue or a similar material by means of which the surface covering is glue connected to surface covering recipient 7, as illustrated 11.

In a version of the invention a sheet would be extruded without the caulking strips with the caulking strips co-extruded integral, or with facility to incorporate applied caulking strips.

Both the planks and the caulking strips can be made with different colours, imitating wood like teak, mahogany, pine, oregon pine, redwood, etc. For example, the planks may have a colour and lustre imitating the colour and grain structure of a wooden material. The caulking strips preferably are made of another colour than the planks, for instance a black colour imitating the rubber material seams in seamed decks of yachts. It also retains its colour far better than its' natural wood alternative. Moreover, the planks may be made of a plastic or resin material, such as PVC for example, that may include additives for providing UV protection, fire retardants, and natural or synthetic fibres. The planks may be formed with streaks of lines of colour included in the extrusion to further imitate the grain in wood. The planks may be used as a floor surface, a wall surface a boat or yacht deck, floor board in boats and yachts, bath and shower room floors and walls covering, swimming pool surroundings, curved floor planks inside and outside buildings, claddings and covering of many other types of surfaces. The planks may also be partly filled with a rigid material.

FIG. 6 illustrates different types of useful under side surface profiles. The cross sections of the various profiles can also include provision for insertion of rigid or injected foam of lighter material to reduce the overall weight, and/or for insulating purposes. The planks 1 and 2 and the caulking strips 3, including the male and female connection means 4, 5 and under surface recesses 6 can be formed in endless lengths by any known process, like injection press extrusion of press moulding. The planks 1 and 2 preferably are formed by a plastic material which is stiff enough for keeping the planks and caulkings together as an integral unit, but which can still be formed in a curvature adapted to the curvature of the recipient 7. Planks can be joined in the longitudinal

4

direction as shown with planks 8 and 9 an a cross extending caulking strip 10 in FIG. 2. The planks can be formed in a curvature preferably using heat from a hot air gun or a hair dryer 11, as indicated in FIG. 3. FIG. 4 fragmentarily shows a curved surface covering consisting of three planks and intermediate caulking strips.

The planks and the caulking strips can be arranged for interconnection in several ways. In FIGS. 5a and 5e is shown that the planks and the caulking strips have straight side edges and are adapted to be connected by glue or by a welding process; FIGS. 5b, c, and f illustrate interconnection of the planks and the caulking strips by means of male and female connection means, and FIG. 5d illustrates an interconnection using overlapping portions of the planks and the caulking strips. FIG. 5f illustrates that the planks 12 can be co-extruded with a caulking strip 13, whereby, in the illustrated case, the caulking strip 13 is formed with male connection means 4 and the plank 12 is formed with female connection means 5. FIG. 5g shows a co-extruded plank and caulking strip with the male connection means in the caulking strip; FIG. 5h shows an equivalent co-extrusion in which the caulking strip is formed with female connection means. FIG. 5i shows an example of how the upper surface joining profile enables a locking process to take place where the edges are prevented from lifting when the product is assembled, with or without the caulking part of the co-extrusion being under compression upon joining. The male and female connection means are provided in the plank parts, and a caulking strip is applied as a narrow strip on top of a part of the male connection means. FIG. 5j shows an embodiment where a section of the plank or of the profiles used in particular applications is filled with foam of a light weight material. Other examples of profiles with or without foam filling to requirements for edgings, cutting out of shapes etc. to comprises a system or compendium or shapes and profiles are shown in FIG. 5k (1, 2, 3, 4).

In any of the examples the caulking strip could be a softer material than that of the plank to come under compression, captive or otherwise when the product is assembled

FIG. 6 shows a cross section of an extruded plank, in which there are shown, for illustrative purposes, several types of bottom surface recesses.

For giving the planks, and the caulking strips a configuration similar to that of wood, the planks are, according to the invention, sanded, for instance using a belt sander 14 a shown in FIG. 7. The belt sander is brought to attack the plank, specifically using the curved or roller part of the sanding belt, in an angle of for instance 45° and is moved along the plank in direction shown with the arrow. A rotary wire brush can also be used in specific conditions to produce a desired effect, if required. At the same time as giving the planks a wooden like surface structure said sanding makes the upper surface of the surface covering an extremely non slip structure. The sanding operation can be repeated a great many times, even in the laid surface covering.

FIG. 8 shows an alternative type of sanding the planks, whereby the belt sander acts at an angle of about 60° to the longitudinal direction of the planks. Said angular strokes across the surface will produce individual effects using a powerfile 15.

FIG. 9 shows diagrammatically how an abrasive rotary tool can be used to produce the wool grain effect on the upper surface of the plank. By changing certain certain conditions various effects can be obtained like the meeting angle 16 in FIG. 7, the speed of rotation in FIG. 9, the coarsness of grit, the direction of stroke 17, which condi-

US 6,895,881 B1

| 5 | 6 |

tions are of importance to react with the formulation of the plastic surface to produce the unique grain effect.

FIG. 10 shows an example of use of a piece of surface covering or a curved border type plank mounted in contact with another cross extending border plank, like a plank sheer of a yacht.

The assembled surface covering material 18 is glued at the bottom side thereof and laid as shown in FIG. 11 by rolling the back of the covering material onto the recepient surface 19. Cutting and trimming of the surface covering is readily achieved, for instance with the use of a sharp knife.

REFERENCE NUMERALS

1 plank
2 plank
3 caulking strip
4 male connection means
5 female connection means
6 recess
7 recipient
8 plank
9 plank
10 cross caulking strip
11 hot air gun, hair dryer
14 belt sander
14a abrasive tool
15 powerfile
16 angle
17 direction of stroke
18 covering material
19 recipient surface

What is claimed is:

1. A shape conforming surface covering useful for covering any type of surfaces, characterized in that the surface covering comprises planks or sheet of a flexible material adapted to be interconnected aside of each other thereby forming an assembled surface covering of optional length and width, and which planks are of a material that can be laid in curved formations, and which at the upper surface of the covering is roughened so as to imitate any unique grain effect of wooden material, further characterized in that the planks or sheet are formed with longitudinal slots at the underside thereof for facilitating forming of curved coverings and for acting as a base for a glue or adhesive material by means of which the surface covering is mounted on a surface recipient.

* * * * *

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

FLEXITEEK AMERICAS, INC. and FLEXITEEK INTERNATIONAL AS

**DEFENDANTS**

PLASTEAK, INC., PLASDECK, INC., and ANDRE BATISTA

**(b)** County of Residence of First Listed Plaintiff  Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Summit County, Ohio
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

S. Tracy Long, Santucci, Priore & Long, LLP
500 West Cypress Creek Road, Suite 500, Fort Lauderdale, FL 33309
Tel: 954-351-7474

Attorneys (If Known)

**(d)** Check County Where Action Arose: ❏ MIAMI- DADE  ❏ MONROE  ✓ BROWARD  ❏ PALM BEACH  ❏ MARTIN  ❏ ST. LUCIE  ❏ INDIAN RIVER  ❏ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

❏ 1  U.S. Government Plaintiff

✓ 3  Federal Question (U.S. Government Not a Party)

❏ 2  U.S. Government Defendant

❏ 4  Diversity (Indicate Citizenship of Parties in Item III)

0 1 0 8 CV 60996-Cohn-BSS

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury - | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Injury Product | ❏ 650 Airline Regs. | ☒ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Property Damage | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. Security | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information Act |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | ❏ 900 Appeal of Fee Determination |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus-Alien Detainee | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 440 Other Civil Rights | ❏ 555 Prison Condition | ❏ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding  ❏ 2 Removed from State Court  ❏ 3 Re-filed- (see VI below)  ❏ 4 Reinstated or Reopened  ❏ 5 Transferred from another district (specify)  ❏ 6 Multidistrict Litigation  ❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page:)

a) Re-filed Case ❏ YES ✓ NO     b) Related Cases ❏ YES ✓ NO

JUDGE                                    DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

35 U.S.C. §281; 35 U.S.C. §283-85.

LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ✓ Yes ❏ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  6 30 08

**FOR OFFICE USE ONLY**

AMOUNT 350 00  RECEIPT #  IFP

543549