IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:08-CV-60996-JIC

Flexiteek Americas, Inc., *et al.*,

    Plaintiff,

vs.

**DEFENDANTS' ANSWER**

PlasTEAK, Inc., *et al.*,

    Defendants.
_____/

Defendants PlasTEAK, Inc., PlasDECK, Inc., and Andre Batista (collectively "Defendants"), respectfully answer Plaintiffs Flexiteek Americas, Inc. and Flexiteek International, AS, (collectively "Plaintiffs") Complaint for Damages and Injunctive Relief ("Complaint") in correspondingly numbered paragraphs as follows:

**PARTIES**

1. Deny, in that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

2. Deny, in that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

3. Admit that Defendant PlasTEAK, Inc. is an Ohio corporation with its principal place of business at 3563 Copley Road, Copley, Ohio 44321; deny the remainder thereof.

4. Admit that Defendant PlasDECK, Inc. is an Ohio corporation with its principal place of business at 3563 Copley Road, Copley, Ohio 44321; deny the remainder thereof.

5. Admit that Defendant Andre Batista in an individual with his principal place of business at 208 N.E. 33rd St., Oakland Park, Florida 33334; deny the remainder thereof.

6. Admit that Defendant PlasTEAK is distributing a product known as "PlasTEAK", which is composite material resembling teak wood that could be used for decking material of marine vessels, in the United States, and specifically in the State of Florida; deny the remainder thereof.

7. Admit that Defendant PlasDECK is distributing a product known as "PlasDECK", which is composite material resembling teak wood that could be used for decking material of marine vessels, in the United States, and specifically in the State of Florida; deny the remainder thereof.

8. Admit that Defendant, Batista, is installing products known as "PlasDECK", which is a composite material resembling teak wood that is used for decking material of marine vessels, in the United States, and specifically in the State of Florida; deny the remainder thereof.

## NATURE OF THE ACTION

9. Defendants can neither admit nor deny, as this paragraph states conclusions of law. Defendants deny the remainder thereof, insofar as the paragraph states allegations that are not conclusions of law.

## JURISDICTION AND VENUE

10. Defendants can neither admit nor deny, insofar as this paragraph states conclusions of law. Defendants deny the remainder thereof.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

11. Deny, in that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

12. Deny.

13. Deny, in that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

14. Deny, in that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

15. Admit that PlasTEAK and PlasDECK are in the business of manufacturing and/or selling, and admit that Batista is in the business of installing, in the United States a composite alternative to teak decking that can be applied to almost any surface incluing fiberglass, steel and wood; deny the remainder thereof.

16. Deny

17. Deny, in that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

18. Deny.

## COUNT I
## PATENT INFRINGEMENT CLAIMS

19. Defendants incorporate herein by reference answers to numbered paragraphs 1-18 above.

20. Deny, as to the allegations in this paragraph and each of its distinct subparts "a." through "r."

21. Deny.

22. Deny.

23. Deny.

24. Deny.

## COUNT II
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

25. Defendants incorporate herein by reference answers to numbered paragraphs 1-21 above.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

As to any remaining allegations, Defendants deny the remainder thereof. Defendants' answers remain subject to supplementation.

### DEFENSES

Further answering the Complaint, Defendants assert the following defenses:

### FAILURE TO STATE A CLAIM

32. Defendants incorporate herein by reference answers to numbered paragraphs 1-31 above.

33. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### FIRST AFFIRMATIVE DEFENSE
### (NONINFRINGEMENT)

34. Defendants incorporate herein by reference numbered paragraphs 1-33 above.

35. Defendants have not infringed U.S. Patent No. 6,895,881 in that, notwithstanding other denials and defenses, the Accused Product lacks elements essential to the patented product.

36. Defendants have neither directly infringed, nor contributed to infringement, nor induced others to infringe, any claim of U.S. Patent No. 6,895,881.

## SECOND AFFIRMATIVE DEFENSE
## (INVALIDITY)

37. Defendants incorporate herein by reference numbered paragraphs 1-36 above.

38. U.S. Patent No. 6,895,881, and its single claim, is invalid for failure to comply with the requirements of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 102, 103, and 112.

39. U.S. Patent No. 6,895,881, and its single claim, is invalid because that claim is anticipated.

40. U.S. Patent No. 6,895,881, and its single claim, is invalid because that claim is obvious.

41. U.S. Patent No. 6,895,881, and its single claim, is invalid because it lacks enablement.

42. U.S. Patent No. 6,895,881, and its single claim, is invalid because the specification fails to disclose a best mode.

43. U.S. Patent No. 6,895,881, and its single claim, is invalid because the written description is inadequate.

44. U.S. Patent No. 6,895,881, and its single claim, is invalid because the

specification is indefinite.

### THIRD AFFIRMATIVE DEFENSE
### (UNENFORCEABILITY)

45. Defendants incorporate herein by reference numbered paragraphs 1-44 above.

46. U.S. Patent No. 6,895,881 is unenforceable because of the patentee's inequitable conduct in procurement of the patents.

47. Plaintiffs' claims are barred by the doctrine of equitable estoppel.

48. Plaintiffs' claims are barred because of Plaintiffs' laches.

### FOURTH AFFIRMATIVE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

49. Defendants incorporate herein by reference numbered paragraphs 1-48 above.

50. Plaintiffs made representations during the prosecution of U.S. Patent No. 6,895,881 that preclude reliance on the doctrine of equivalents.

### FIFTH AFFIRMATIVE DEFENSE
### (LACK OF STANDING)

51. Defendants incorporate herein by reference numbered paragraphs 1-50 above.

52. Plaintiffs lack standing to bring suit under U.S. Patent No. 6,895,881.

Defendants reserve the right to amend its Answer with additional defenses as further information is obtained.

### JURY DEMAND

Defendants, PlasTEAK, Inc., PlasDECK, Inc., and Andre Batista, hereby demand a trial by jury on all issues so triable.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by

the Clerk's electronic e-mailing this 9th day of September, 2008, to: S. Tracy Long, Esq., Attorney for Plaintiffs, Santucci, Priore & Long, LLP, 500 W. Cypress Creek Rd., Fort Lauderdale, FL 33309.

Signed: _____
Douglas de Almeida, Fla. Bar ID# 366757
Camillo, Snowden, and de Almeida, P.A.
221 W. Oakland Park Blvd.
Fort Lauderdale, Florida 33311
Telephone: (954) 565-3398
Facsimile: (954) 565-3556
Email: Douglas_deAlmeida@fl-attys.com
Attorney for Defendants PlasTEAK, Inc., PlasDECK, Inc., and Andre Batista

and

Bruce H. Wilson, Ohio Reg. # 0000989
789 West Market Street
Akron, OH 44303
Telephone: (330) 253-8300
Facsimile: (330) 650-1129
Email: BruceWilsonEsq@aol.com
Attorney for Defendants PlasTEAK, Inc., and PlasDECK, Inc.