IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Flexiteek Americas, Inc. *et al.*, | ) | CASE NO.  0:08-CV-60996-JIC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JAMES I. COHN |
| v. | ) | |
| | ) | |
| PlasTEAK, Inc. *et al.*, | ) | **DEFENDANTS' MOTION TO DISMISS** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants, PlasTEAK, Inc., and PlasDECK, Inc., (collectively "PlasTEAK"), and Andre Batista, move to dismiss Plaintiff's Complaint for Damages and Injunctive Relief for lack of subject matter jurisdiction because no Plaintiff in this case has standing to bring suit.

## LAW AND ARGUMENT

### I.  Introduction and Summary

On June 30, 2008, Plaintiffs, Flexiteek Americas, Inc. and Flexiteek International AS, filed a complaint predicated upon a claim of ownership of U.S. Patent No. 6,895,881 (hereinafter "the '881 patent"), for a "Shape Conforming Surface Covering." (Complaint, ¶¶ 11, 13).  The Complaint states the "nature of the action" as arising "under the patent laws of the United States, Title 35, United States Code, and is a claim for damages and injunctive relief pursuant to Sections 281 and 283-85 of that Title." (Complaint, ¶ 9).  The '881 patent was filed in the U.S.

Patent Office August 5, 2003, and was based on an international PCT application (PCT/SE2000/001302), originally filed June 19, 2000. (Complaint, Exhibit A).

Plaintiffs assert in the Complaint that "Flexiteek International is the owner of the '881 Patent, and all rights appurtenant and attendant thereto." (Complaint, ¶ 13). The '881 patent issued in the name of the inventor Derek Gordon Whitaker, and Whitaker is therefore the presumptive owner. (Complaint, Exhibit A). As would be the custom, there is no assignment on the face of the '881 patent, nor have Plaintiffs produced any evidence of such. (Id.). The Complaint is silent as to how the ownership of the '881 patent may have been transferred to Flexiteek International.

Based upon the allegations in the Complaint, and lack of supporting evidence thereto, neither Flexiteek International nor Flexiteek Americas had legal title to the '881 patent at the time of filing suit. In accordance with 35 U.S.C. § 281, only a "patentee shall have remedy by civil action for infringement of his patent." Since the Complaint does not demonstrate that Flexiteek is a successor in title to the '881 patent, the Complaint does not support Flexiteek's claim to ownership. 35 U.S.C. §§ 100(d), 281. Accordingly, the Complaint should be dismissed for lack of subject matter jurisdiction.

## II. Legal Standard for Dismissal

Whether a party has standing to assert the jurisdiction of a federal court is a question of federal law, and is determined as of the commencement of the suit. *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003). The burden of establishing standing rests on the party bringing the action. *Bischoff v. Osceola County, Fla.*, 222 F.3d 874, 878 (11th Cir. 2000); *Fila Sport, S.p.A. v. Diadora America, Inc.*, 21 U.S.P.Q.2d 1063, 1064 (N.D.Ill.,1991) (In a 12(b)(1) motion challenging jurisdiction in a patent case, the burden lies with the party invoking such jurisdiction.). Fed. R. Civ. P. 12(b)(1) authorizes dismissal of a complaint for lack

of jurisdiction over the subject matter, including where the plaintiff lacks standing to bring its claim. *Williamson v. Rexam Beverage Can Co.*, 497 F.Supp.2d 900, 904 (S.D.Ohio 2007) ("A motion to dismiss for lack of standing is properly analyzed under Rule 12(b)(1) since 'standing is thought of as a "jurisdictional" matter, and a plaintiff's lack of standing is said to deprive a court of jurisdiction.'"), *citing Ward v. Alternative Health Delivery Sys., Inc.*, 261 F.3d 624, 626 (6th Cir. 2001).

In a suit arising under Title 35, "[o]nly the entity or entities that own or control all substantial rights in a patent can enforce rights controlled by that patent, lest an accused infringer be subjected to multiple suits and duplicate liability." *IpVenture, Inc. v. Prostar Computer, Inc.*, 503 F.3d 1324, 1325 (Fed. Cir. 2007). Accordingly, the Federal Circuit has determined that "in order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*." *Paradise Creations*, 315 F.3d at 1309 (emphasis original).

Further, "standing cannot be 'inferred argumentatively from averments in the pleadings' . . . but rather 'must affirmatively appear in the record.'" *PFW/PBS,Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (citations omitted). If the plaintiff lacks standing to sue, the case should be dismissed for lack of subject matter jurisdiction. *See Fieldturf Inc. v. Southwest Rec. Indus., Inc.*, 357 F.3d 1266, 1268 (Fed. Cir. 2004). Additionally, in the area of patents, lack of initial standing "cannot be cured by the addition of a party with standing." *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d1198, 1203 (Fed. Cir. 2005).

### III. Plaintiffs Have No Evidence of Title

In accordance with 35 U.S.C. § 281, only a "patentee shall have remedy by civil action for infringement of his patent." A "patentee" is defined as the patentee to whom the patent issues, as well as successors in title to the patentee. 35 U.S.C. § 100(d). In order to determine

standing, the Court must be able to "trace the chain of title to the patent." *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1092 (Fed. Cir. 1998). Since the patent issued to Derek Whitaker and neither of the Plaintiffs can substantiate a claim as successor in title to Mr. Whitaker, neither of the Plaintiffs has standing to bring suit in federal court.

When asked in <u>Defendants' First Set of Interrogatories</u> to identify the current owner of the '881 patent and any assignments thereof, Plaintiffs responded that Flexiteek International is the current owner, and received an assignment of the '881 patent from Derek G. Whitaker on March 7, 2000. (Attachment A, Interrogatory 2, at 3). Plaintiffs further responded that "[t]he purpose of the assignment was to transfer ownership of the patent from the inventor Derek G. Whitaker to Flexiteek International AS." (Id., at 4). That seems highly improbable, since the alleged assignment occurred over three years *before the patent was even applied for.* The '881 patent was filed August 5, 2003, and was based on an international PCT application originally filed June 19, 2001. (Complaint, Exhibit A).

When asked to identify all documents which support any asserted assignment, Plaintiffs responded by referring to: 1) a facsimile from a foreign corporation Gambaco AS to a bank in Norway; 2) a transaction record from a bank; and 3) a letter from Anders Whilhelmsen, one of the alleged owners of Flexiteek International, to Derek Whitaker dated May 23, 2000. (Attachment A, Interrogatory 2, at 3-4). None of the documents that Plaintiffs assert support an assignment of the '881 patent to them have been produced.

Unless the Plaintiffs can produce evidence showing that all substantial rights under the '881 patent had been transferred to them at the time they brought suit, their Complaint should be dismissed. *Paradise Creations*, 315 F.3d at 1309, *citing Enzo*, 134 F.3d at 1093 (Fed. Cir. 1998). Further, a dismissal with prejudice would be appropriate, especially where it is unlikely that the Plaintiffs will be able to cure the standing problem. *See Textile Prods. v. Mead Corp.*,

134 F.3d 1481, 1485 (Fed. Cir. 1998). In *Textile*, the Federal Circuit upheld the district court's

dismissal of the plaintiff's claim for patent infringement with prejudice holding that the plaintiff

"had its chance to show standing and failed." *Id*. Similarly, in this case, Plaintiffs' Complaint

should be dismissed with prejudice since Plaintiffs' lack of standing cannot be cured

retroactively. *Paradise Creations*, 315 F.3d at 1309-10.

## CONCLUSION

For all the foregoing reasons, Plaintiffs' Complaint should be dismissed.

Signed: _____

Bruce H. Wilson, Ohio Reg. # 0000989
789 West Market Street
Akron, OH  44303
(330) 253-8300

S/ Douglas de Almeida
Douglas de Almeida, Florida Reg. # 366757
Camillo, Snowden, and de Almeida, P.A.
221 W. Oakland Park Blvd.
Fort Lauderdale, Florida  33311
(954) 565-3398

Attorneys for Defendants PlasTEAK, Inc.,
PlasDECK, Inc.

**CERTIFICATE OF SERVICE**
Case No.:  0:08-CV-60996-JIC

I hereby certify that the foregoing **Defendants' Motion to Dismiss** was served on the

following person(s):

S. Tracy Long, Florida Reg. # _____
Silverman Santucci
500 W. Cypress Creek Rd., Suite 500
Fort Lauderdale, FL  33309
(954) 351-7474
Fax:  (954) 351-7474
Email:  stl@500law.com
Attorney for Plaintiffs Flexiteek Americas, Inc. and Flexiteek International

via the Court's ECF system on this the ___5th___ day of February, 2009.

Signed:  __S/ Douglas de Almeida__
Douglas de Almeida, Florida Reg. # 366757
Camillo, Snowden, and de Almeida, P.A.
221 W. Oakland Park Blvd.
Fort Lauderdale, Florida  33311
(954) 565-3398
Facsimile:  (954) 565-3556, fax
Email:  Douglas_deAlmeida@fl-attys.com

Attorney for Defendants PlasTEAK, Inc.,
PlasDECK, Inc., and Andre Batista

# ATTACHMENT A

<u>Flexiteek Americas, Inc. Unverified Responses
to Defendants' First Set of Interrogatories</u>

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 08-CV-60996 Cohn-Seltzer

FLEXITEEK AMERICAS, INC., a Florida Corporation
FLEXITEEK INTERNATIONAL AS, a Foreign
Corporation,

Plaintiff(s),

vs.

PLASTEAK, INC., an Ohio Corporation,
PLASDECK, INC., an Ohio Corporation,
and ANDRE BATISTA, an individual,

Defendants.

_____/

## FLEXITEEK AMERICAS, INC. UNVERIFIED RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff's, FLEXITEEK AMERICAS, INC (herein FLEXITEEK), by and through their undersigned counsel, pursuant to Rule 33(b) of the Federal Rules of Civil Procedure, hereby file these responses to Defendants' First Set of Interrogatories.

PRELIMINARY STATEMENT

The following responses are based upon information, documents and writings presently available to and located by Plaintiff. The answers given herein are without prejudice to Plaintiff's right to supplement, modify and change responses and to produce evidence of any additional facts. No incidental or implied admissions of any kind are intended by the responses herein. The fact that Plaintiff answered or objected to any document request shall not be taken as an admission that Plaintiff accepts or admits the

existence of any such documents or of any "facts" set forth or assumed by such document request. The fact that Plaintiff has answered part or all of any document request is not intended to be, and shall not be construed to be, a waiver by Plaintiff of any objection to any part of any document request.

Further, Plaintiff preserves:

A.      All objections and/or questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose with regard to the answer or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action;

B.      The right to object to the use of any said response or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; and

C.      The right to object on any ground at any time to a demand for further response to these or any other request.

## RESPONSES TO INTERROGATORIES

1.      Please state your full name and address, including your position within the Plaintiffs' company(ies), and identify each and every person with whom you consulted, upon whom you relied, or whom otherwise constituted a source of information for you in connection with the preparation of your answers to these interrogatories, and, with respect to each and every such person, the Interrogatory numbers to which he or she helped prepare answers or with respect to which he or she was consulted, relied upon, or otherwise consulted as a source of information.

2

RESPONSE:

    Sabiha Blanco Montalvan
    President and CEO of Flexiteek Americas, Inc.
    3109 NW 25th Avenue
    Pompano Beach, FL 33069

    The following people were consulted, assisted in the preparation of and/or reviewed all answers:

    Anders Wilhemsen
    Chairman, Flexiteek International A.S.
    Stranden 3B – Floor 05
    0250 Oslo, Norway

    Svein Abrahamsen
    President & CEO Flexiteek International A.S.
    Solavein 95
    4316 Sandnes, Norway

2.    Identify the current owner of United States patent 6,895,881 and any assignments thereof, and, for each such assignment:

    (a)    state the date;

    (b)    identify all persons involved in the assignment and provide a description of the involvement of each such person;

    (c)    state the purpose of the assignment; and

    (d)    identify all documents which constitute, refer or relate to the assignment.

RESPONSE:

    Flexiteek International A.S. is the owner.  There was one Assignment.

  (a) March 7, 2000

  (b) Derek G. Whitaker – inventor and seller
     Flexiteek International AS – company sold in transaction

3

Buyers of Flexiteek International AS, including the patents:
Peter Wierth
Rolf Tonnessen
Anders C. Wilhelmsen
Trygve Holtan-Hartwig

(c) The purpose of the assignment was to transfer ownership of the patent from the inventor Derek G. Whitaker to Flexiteek International AS.

(d) The Assignment. Facsimile from Gambaco AS to Chirstiania Bank og Kreditkasse ASA dated 27 March 2000. Transaction record from Chirstiania Bank og Kreditkasse dated 10 April 2000. Letter from Anders Wilhelmsen to Derek Whitaker dated 23 May 2000.

3.   State the dates on which the alleged invention claimed in the '881 patent is

contended by FLEXITEEK AMERICAS, INC. to have been:

    (a)   conceived; and

    (b)   reduced to practice, and

identify all documents which support each such date. (If the dates are different for

different claims, identify the dates separately for each claim.)

RESPONSE:

Plaintiffs are not in contact with the inventor Derek G. Whitaker and have no

personal knowledge of (a) or (b), but state as follows:

    (a) On or before June 24, 1999

    (b) On or before June 24, 1999

Supporting documentation:

U.S. Patent No. 6,895,881 B1, PCT application, and European and South African

patents.

4

4.      Identify the persons most knowledgeable with the conception and reduction to practice of the '881 patent. For each person identified, provide:

     (a)      the name,

     (b)      the last known address;

     (c)      the extent of that person's contribution to and participation in the conception and/or reduction to practice of the '881 patent.

RESPONSE:

     (a)      Derek G. Whitaker
     (b)      29 Welwick Road
               Patrington, East Yorkshire HU12 Orp (GB)
     (c)      Inventor

     (a)      Anders Wilhemsen
               Chairman, Flexiteek International A.S.
     (b)      Stranden 3B – Floor 05
               0250 Oslo, Norway
     (c)      Developed product for Plaintiff

     (a)      Olle Avellan-Hultman
     (b)      Ehrner & Delmar
               SE-100 55
               Stockholm, Sweden
     (c)      Patent Attorney for Plaintiff

5.      Identify the earliest date that the alleged invention of '881 patent was known or used by others in the United States, or patented or described in a printed publication in the United States or in a foreign country, including:

     (a)      the date;

     (b)      if a publication, the title of the publication;

     (c)      if a patent, the title and description of the patent;

     (d)      if a person, the identity and last known address of said person.

RESPONSE:

(a)    January 4, 2001

(c)    Shape conforming surface covering – PCT application for the instant invention

6.    Identify the earliest date that the alleged invention of the' 881 patent was patented or described in a printed publication in the United States or a foreign country including:

(a)    the date;

(b)    a complete description of what was described, shown or demonstrated;

(c)    the names and last known addresses of the persons involved;

(d)    the nature and purpose of the publication; and

(e)    all documents which constitute, refer or relate to the patent or publication.

RESPONSE:

(a)    January 4, 2001

(b)    the PCT patent application

(c)    Derek G. Whitaker
       29 Welwick Road
       Patrington, East Yorkshire HU12 Orp (GB)

(d) and (e)  PCT application

7.    Identify the earliest date that the alleged invention of the '881 patent, was on sale in the United States, including:

(a)    the date;

(b)     a complete description of what was offered for sale;

(c)     the names and last known addresses of the persons involved;

(d)     the dates of all communications leading up to the offer between the person or persons making the offer and the person or persons receiving the offer; and

(e)     all documents which constitute, refer or relate to the offer or to the communications referred to in subpart (d) hereof.

RESPONSE:

Flexiteek Americas, Inc. began operation on or about October 7, 2002.  Plaintiff is without personal knowledge of the first actual offer for sale.  Earliest documented sale was to Lance Nass of Brightworks on November 26, 2002.

(a)     On or about October 7, 2002

(b)     Artificial wood deck covering

(c)     Christian Pedder
3109 NW 25th Avenue
Pompano Beach, FL 33069

Anders Wilhemsen
Chairman, Flexiteek International A.S.
Stranden 3B – Floor 05
0250 Oslo, Norway

Svein Abrahamsen
President & CEO Flexiteek International A.S.
Solavein 95
4316 Sandnes, Norway

8.     Identify separately each person involved in:

(a)     the conception of;

(b)     the reduction to practice of;

7

(c)     the preparation of;

(d)     the decision to file;

(e)     the filing of; and

(f)     the prosecution of, the patent application for the '881 patent and any related United States patents. For each person identified, describe in detail the nature and extent of that person's contribution to and participation in each of the above numerated items.

RESPONSE:

(a) and (b)
Derek G. Whitaker, Inventor
29 Welwick Road
Patrington, East Yorkshire HU12 Orp (GB)

(c) through (f)
Olle Avellan-Hultman, Patent Attorney for Plaintiff
Ehrner & Delmar
SE-100 55
Stockholm, Sweden

9.     Identify each patent, printed publication, product or other piece of art relating to shape conforming surface coverings, known to the claimed inventor(s) of the alleged invention described in the '881 patent prior to June 19, 2000 and, for each such patent, printed publication, product, or other piece of art:

(a)     provide the title, description, and location of said item;

(b)     state the date and the circumstances by which the item became known to the claimed inventor(s) of the '881 patent; and

(c)     identify each document which refers or relates to the item, including the location of said document, and the name and last known address of the person(s)

8

possessing the original document, or if the original is unavailable, the name and last known address of the person(s) from whom a copy may be obtained.

RESPONSE:

After diligent inquiry, Plaintiff is without knowledge.

10.     Identify each patent application filed in a foreign country which corresponds to the '881 patent, or which claims anyone or more of the claims and/or alleged inventions of the '881 patent and, for each such application:

(a)     state the current status of the application or patent;

(b)     identify all art cited by the foreign patent office;

(c)     identify each person involved in the preparation, filing and prosecution of the application; and

(d)     identify all documents which constitute, refer or relate to the preparation, filing and prosecution of the application.

RESPONSE:

Republic of South Africa Patent No. 2001/10348

(a)     issued

(b)     Plaintiff is without knowledge

(c)     Olle Avellan-Hultman, Patent Attorney for Plaintiff

(d)     PCT application No. PCT/SE00/01302


Commonwealth of Australia Patent

(a) issued

9

(b) Plaintiff is without knowledge

(c) Olle Avellan-Hultman, Patent Attorney for Plaintiff

(d) PCT application No. PCT/SE00/01302

European Patent No. 00944552.9 filed in Italy, Portugal, Spain, Germany, and Greece

(a) issued

(b) Plaintiff is without knowledge

(c) Olle Avellan-Hultman, Patent Attorney for Plaintiff

(d) PCT application No. PCT/SE00/01302

South Korea Patent No 10-0765000

(a) issued

(b) Plaintiff is without knowledge

(c) Olle Avellan-Hultman, Patent Attorney for Plaintiff

(d) PCT application No. PCT/SE00/01302

New Zealand Patent No. 516110

(a) Revoked

(b) Plaintiff is without knowledge

(c) Olle Avellan-Hultman, Patent Attorney for Plaintiff

(d) PCT application No. PCT/SE00/01302


11.     State whether FLEXITEEK INTERNATIONAL or FLEXITEEK AMERICAS or

anyone on behalf of either of them or both, has studied or investigated, has caused to be

studied or investigated, or has obtained from anyone else, whether orally or in writing, a

study or investigation of the validity, enforceability, scope or infringement of the '881

patent or of any foreign counterpart thereof, including, but not limited to, any search for prior art pertinent thereto. If the response is other than an unqualified "no," for each such study or investigation:

> (a)   identify each person who requested it, authorized it, furnished any information upon which it was based in whole or in part, participated in it, prepared or reported its results, received or had access to it, and/or participated in making any decision or recommendation based in whole or in part on such results, and set forth the date, place and nature of each such person's activities with respect to such study or investigation;

> (b)   identify all documents which refer or relate to the study or investigation;

> (c)   identify all patents, printed publications, products and other factual information discovered and/or considered during the study or investigation.

RESPONSE:

Plaintiff objects to this Interrogatory as it requests information which is the subject to the attorney/client and work product privileges. Notwithstanding and without waiver of these objections, Plaintiff responds as follows:

> (a)   S. Tracy Long and Allen F. Bennett of the law firm of Santucci, Priore & Long, LLP conducted a pretrial infringement study of Defendants' products in anticipation of the present litigation.

> (b)   The Flexiteek files at the offices of Santucci, Priore & Long, LLP

> (c)   The '881 patent and the prior art cited therein, advertising materials and products produced and/or marketed by Defendants.

12.    Identify all persons who have taken a license under the '881 patent or under any

foreign counterpart thereof, and, for each such license:

(a)    identify the effective and actual date of the license;

(b)    identify all meetings, discussions, telephone discussions or other

communications which refer or relate to the license or to the negotiation of the

license;

(c)    state the consideration granted or received under the terms of the license;


(d)    identify all documents which constitute, refer or relate to the license or

which constitute, refer or relate to the negotiation of the license.

RESPONSE:

TEK DEK

(a)    November 2006

(a)    METS Boat Show in Amsterdam, Netherlands in November 2006

(c)    Flexiteek to be paid GBP 1.50 per square meter of covering sold, not less
       than GBP 25,000 or greater than GBP 35,000.

(d)    License agreement


13.    Identify each person whose possible infringement of the' 881 patent has been

considered by FLEXITEEK AMERICAS, INC. and, for each such person:

(a)    identify the product or products whose possible infringement was

considered; and

(b)    identify all documents which constitute, refer or relate to the consideration

of that person's possible infringement.

RESPONSE:

Plaintiff objects to this Interrogatory as it requests information which is the subject to the attorney/client and work product privileges. Notwithstanding and without waiver of these objections, Plaintiff responds as follows:

Plasdeck, Plasteek, NUteak, TEK DEK.

(a)     all products

(b)     The Flexiteek files at the offices of Santucci, Priore & Long, LLP


14.     Identify all communications, whether written or oral, in which FLEXITEEK INTERNATIONAL or FLEXITEEK AMERICAS notified any person of the existence of or possible infringement of the '881 patent, and for each such communication, identify

(a)     all documents which constitute, refer or relate to such communication, and

(b)     all documents which constitute, refer or relate to any subsequent communications or responses relating to such communication.

RESPONSE:

Plaintiff objects to this Interrogatory as it is overly broad and unduly burdensome. Notwithstanding and without waiver of these objections, Plaintiff responds as follows:

Lawsuit against NUteak

(a)     The NUteak files at the offices of Santucci, Priore & Long, LLP

(b)     The NUteak files at the offices of Santucci, Priore & Long, LLP

13

15.     Identify all trade shows, conventions or seminars attended by FLEXITEEK

INTERNATIONAL or FLEXITEEK AMERICAS either formally or informally, in the

United States or any foreign country, since June 24, 1999, and for each such trade show,

convention or seminar:

(a)     state the date and location;

(b)     identify all persons in attendance representing FLEXITEEK

INTERNATIONAL or FLEXITEEK AMERICAS;

(c)     provide a complete description of each product shown, displayed,

demonstrated, offered for sale, or sold by FLEXITEEK INTERNATIONAL or

FLEXITEEK AMERICAS; and

(d)     identify all documents which refer or relate to that trade show, convention

or seminar and/or to the activities of FLEXITEEK INTERNATIONAL or

FLEXITEEK AMERICAS at that trade show, convention or seminar.

RESPONSE:

Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence and irrelevant to

the subject matter of the action.  Notwithstanding and without waiver of these objections,

Plaintiff responds as follows:

The following boat shows are attended annually by Flexiteek:

Fort Lauderdale International Boat Show, Florida

Miami Boat Show, Florida

IBEX Boat Show, Florida

Chicago Boat Show, Illinois

14

New York Boat Show, New York

METS Boat Show, Amsterdam, Netherlands

16.     Identify, by product number, product name, trade designation or other appropriate

description, each product offered for sale or sold by FLEXITEEK INTERNATIONAL or

FLEXITEEK AMERICAS after June 24, 1999 which FLEXITEEK AMERICAS believes

to be within the scope of one or more claims of the '881 patent.

RESPONSE:

Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence and irrelevant to

the subject matter of the action.  Notwithstanding and without waiver of these objections,

Plaintiff responds as follows:

All Flexiteek deck covering – Fle PWM-45 B, Fle PWM-45 W,  Fle PWM-60 B,

Fle PWM-60 W,  Fle PWM-103, Fle PM-45-45 B, Fle PM-45-45 W,  Fle PM-45-60 B,

Fle PM-45-60 W, Fle PM-45-75 B, Fle PM-60-45 B, Fle PM-60-45 W, Fle PM-60-60 B,

Fle PM-60-60 W, Fle PM-60-75 B, Fle PM-103-60 B, Fle PM-103-75 B, Fle PM-103-

125 B

17.     Identify, by product number, product name, trade designation or other appropriate

description, each product offered for sale or sold by FLEXITEEK INTERNATIONAL or

FLEXITEEK AMERICAS between after June 24, 1999 which FLEXITEEK

AMERICAS believes not to be within the scope of one or more claims of the '881 patent

and, for each such product, provide a full and complete explanation of FLEXITEEK

AMERICAS' reasons for believing that product to be outside the scope of those claims.

RESPONSE:

    None


18.    Identify, by product number, product name, trade designation or other appropriate

description, each product offered for sale or sold by PLASTEAK or PLASDECK which

FLEXITEEK AMERICAS believes to be within the scope of one or more claims of the

'881 patent.

RESPONSE:

    PD-520, PD-521, PD-522, PD-600, PD-602, PD-603, PD-604, PD-605, PD-606,

PD-690, Teak and Holly (Glossy), Teak and Holly (Wild Cherry), PT-2000/TD-8600,

PT-2000/TD-8600/TD-7600, PT-2001/TD-8601/TD-7601, PT-2002/TD-8602/TD-7602,

PT-2003/TD-8603/TD-7603, PT-2004/TD-8604/TD-7604, PT-2005/TD-8605/TD-7605,

PT-2006/TD-8606/TD-7606, PT-2007/TD-8607/TD-7607, PT-2008/TD-8609/TD-7607,


19.    Identify, by product number, product name, trade designation or other appropriate

description, each product offered for sale or sold by PLASTEAK or PLASDECK which

FLEXITEEK AMERICAS believes not to be within the scope of one or more claims of

the '881 patent and, for each such product, provide a full and complete explanation of

FLEXITEEK AMERICAS' reasons for believing that product to be outside the scope of those claims.

RESPONSE:

Any product not identified in the response to Number 18 above.

20.     Describe in detail the facts on which you rely for your contention in Count II of the Complaint that PLASTEAK and PLASDECK "are using Flexiteek's images and text from Flexiteek's website in advertising in PlasTEAK and PlasDECK's website and advertising," including:

     (a)     what such images and/or text were allegedly used;

     (b)     when such images and/or text were allegedly used;

     (c)     the name and address of all persons with knowledge of such alleged use;

     (d)     the source from which such images and text were allegedly taken; and

     (e)     the web address of the website(s) on which Defendants allegedly used such images and text.

RESPONSE:

Plaintiff will provide this information in a supplemental response.

21.     Describe in detail the facts on which you rely for your contention in Count II of the Complaint that PLASTEAK and PLASDECK are "impugning Flexiteek's products in PlasTEAK and PlasDECK's advertising through very strong implications and statements which are untrue," including:

17

    (a)     what products Defendants are allegedly impugning;

    (b)     the dates and places where Defendants allegedly impugned said products;

    (c)     the specific actions or language by PlasTEAK or PlasDECK which you alleged impugned said products

    (d)     identification of the advertising in which Defendants allegedly impugned Plaintiffs' products; and

    (e)     the name and address of all persons with knowledge of such advertising which allegedly impugned Plaintiffs' products.

RESPONSE:

    (a) All of Flexiteek's products

    (b) At least on February 27th, 2008

    (c) Emailed allegations as to the defectiveness of Flexiteeks products

    (d) TT Custom Marine website

    (e)

Sabiha Blanco Montalvan
President and CEO of Flexiteek Americas, Inc.
3109 NW 25th Avenue
Pompano Beach, FL 33069

Anders Wilhemsen
Chairman, Flexiteek International A.S.
Stranden 3B – Floor 05
0250 Oslo, Norway

Svein Abrahamsen
President & CEO Flexiteek International A.S.
Solavein 95
4316 Sandnes, Norway
Plaintiff will provide additional information in a supplemental response.

22.     Describe in detail the facts on which you rely for your contention in Count II of

the Complaint that PLASTEAK and PLASDECK are "using the word 'Flexiteek' in the

content portion of the META keywords tag on PlasTEAK and PlasDECK's website,"

including:

       (a)     when Defendants allegedly used the work "Flexiteek" in the content

portion of the META keywords tag on PLASTEAK and PLASDECK's website;

       (b)     the name and address of all persons with knowledge of such alleged use;

       (c)     the web address of the website(s) on which Defendants allegedly used the

word "Flexiteek" in the content portion of the META keywords tag.

RESPONSE:

     Plaintiff will provide this information in a supplemental response.


23. Do you intend to call any expert witness at the trial of this case? If so, state as to each

such witness, the name and business address of the witness, the witness' qualifications as

an expert, the subject matter upon which the witness is expected to testify, the substance

of the facts and opinions to which the witness is expected to testify, and a summary of the

grounds for each opinion.

RESPONSE:

     Undetermined at present time

## CERTIFICATE OF SERVICE

that a true and correct copy of the foregoing has been forwarded this___ day of January,

2009 via U.S. District Court's Electronic filing system to: Douglas de Almeida, Esq. at

CAMILLO, SNOWDEN & DE ALMEIDA, P.A., 221 West Oakland Park Boulevard, Ft.

Lauderdale, FL 33311, douglas_dealmeida@fl-attys.com counsel for Defendants.

          Respectfully submitted,

          Law Offices of
          **SANTUCCI, PRIORE & LONG, LLP**
          Attorneys for Plaintiff
          500 West Cypress Creek Road
          Suite 500
          Fort Lauderdale, Florida 33309
          Telephone: (954) 351-7474
          Facsimile:  (954) 351-7475

By:   s/Allen F. Bennett
          Allen F. Bennett, Esquire
          Arkansas Bar Number: 2002202
          abennett@500law.com

_____

STATE OF FLORIDA                    )

COUNTY OF PALM BEACH       )

       The foregoing was acknowledged before me, an officer duly authorized in the

State and County aforesaid, to take acknowledgements, this _____ day of

_____, 2009 by_____, who being duly sworn, deposes and

says that the foregoing answers to Interrogatories are true and correct to the best of

his/her knowledge and who:

[ ] is personally known to me; or

[ ] who has produced a Florida Driver's License No

_____as identification; and who:

[ ] did or

[ ] did not, take an oath

                                     NOTARY PUBLIC

                        Sign: _____

                        Print:_____
                        State of Florida at Large (Seal)
                        My Commission Expires: