UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60996-CIV-COHN/SELTZER

FLEXITEEK AMERICAS, INC.,
et al.,

        Plaintiffs,

v.

PLASTEAK, INC., et al.,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE

**THIS CAUSE** is before the Court on Defendants PlasTEAK, Inc., PlasDECK, Inc. and Andre Batista's Motion to Dismiss [DE 29]. The Court has considered the Motion, Plaintiffs' Response [DE 30] and the exhibits thereto, Defendants' Reply [DE 32], the record in this case, and is otherwise advised in the premises.

The Motion to Dismiss argues that the Court should dismiss the Complaint for Damages and Injunctive Relief [DE 1] for lack of subject matter jurisdiction because no Plaintiff in this action has standing to bring suit. In particular, Defendants argue "that 'in order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent <u>at the inception of the lawsuit</u>.'" (Motion at 3.) (citing <u>Paradise Creations, Inc. v. U V Sales, Inc.</u>, 315 F.3d 1304, 1309 (Fed. Cir. 2003) (emphasis in original)). Defendants assert that Derek Gordon Whitaker is the owner of the patent at issue ("'881 Patent") and that this action must be dismissed because Plaintiffs "[have] not sued on behalf of Whitaker, nor [have they] joined him as a

plaintiff." (Reply at 9.)

Plaintiffs respond by arguing that Mr. Whitaker "assigned or sold all of his interest" in the '881 Patent to Plaintiffs. (Response at 6.) Plaintiffs set forth a significant number of documents, including an agreement, court rulings and records, that purportedly establish Plaintiffs' proprietary interest in the '881 Patent. Defendants dispute the import of the documents attached to Plaintiffs' Response and counter that the "documents expressly prove that Whitaker has retained at least some, and perhaps all, rights of ownership over the '881 patent." (Reply at 9.)

The Court acknowledges that when presented with a "factual attack" on subject matter jurisdiction, such as the one raised in the instant Motion, a court can look outside the pleadings and may consider documents, affidavits and agreements. See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). However, for the reasons discussed below, the Court declines to resolve the issue of whether Plaintiffs have standing to sue at this stage.

First and foremost, the deadline for filing dispositive motions in this case is approaching and discovery is substantially complete. Although the Complaint in this action was filed on June 30, 2008, the Motion to Dismiss was filed on February 5, 2009 and did not become ripe until March 2. Therefore, this is not a situation where a decision on the standing issue at the outset of the case could result in the parties avoiding the costs of discovery.

Second, the standing issue raised in the Motion to Dismiss is clearly a factual dispute. Plaintiffs have set forth a substantial number of documents tending to show that they possess a proprietary interest in the '881 Patent. In response, Defendants

argue that those documents are "ambiguous," "unclear" or that the contents of such documents are "exaggerated" by Plaintiffs. (Reply at 2, 4.) In addition, the Court notes that the primary cases relied on by Defendants in support of their Motion to Dismiss where decided at the summary judgment stage. See <u>Paradise Creations, Inc. v. U V Sales, Inc.</u>, 315 F.3d 1304 (Fed. Cir. 2003) (standing issue decided in connection with motion for summary judgment); <u>Textile Prods. v. Mead Corp.</u>, 134 F.3d 1481 (Fed. Cir. 1998) (same). Therefore, and in light of the timing discussed above, the Court finds that it is prudent to address the standing issue at the summary judgment stage where the Court may consider the entire factual record that the parties have developed during the course of discovery. See <u>Eaton v. Dorchester Development, Inc.</u>, 692 F.2d 727 (11th Cir. 1982) (reversing a district court's decision granting the defendants' Rule 12(b)(1) motion and remanding for further discovery of jurisdictional facts); <u>see also</u> <u>DDB Techs., L.L.C. v. MLB Advanced Media, L.P.</u>, 517 F.3d 1284 (Fed. Cir. 2008) (reversing district court's dismissal for lack of subject matter jurisdiction and remanding for further jurisdictional discovery). Accordingly, the Court will deny Defendants' Motion to Dismiss without prejudice to Defendants' ability to raise the standing issue at the summary judgment stage.

In light of the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [DE 29] is **DENIED without prejudice**. Defendants may raise the argument that Plaintiffs lack standing in a Motion for Summary Judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

3

Florida, on this \_\_1st\_\_ day of April, 2009.

                                                                                                          */s/ James I. Cohn*  
                                                                                                          JAMES I. COHN  
                                                                                                          United States District Judge

Copies provided to:

Counsel of record via CM/ECF