**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 08-60996-CIV-COHN/SELTZER**

FLEXITEEK AMERICAS, INC., a Florida Corporation,
FLEXITEEK INTERNATIONAL AS, a Foreign
Corporation,

               Plaintiffs,

vs.

PLASTEAK, INC., an Ohio Corporation,
PLASDECK, INC., an Ohio Corporation,
and ANDRE BATISTA, an individual,

               Defendants.

_____/

## PLAINTIFFS' MOTION FOR SANCTIONS

      Plaintiffs, FLEXITEEK AMERICAS, INC., a Florida corporation ("Flexiteek") and

FLEXITEEK INTERNATIONAL AS, a foreign corporation ("Flexiteek International"), by and

through their undersigned counsel and pursuant to Fed. R. of Civ. P. 37 and S.D.L.R. 30.1(A)(4),

hereby file their Motion for Sanctions and state as follows:

### FACTS

      Federal Rule of Civil Procedure 37(b)(2) provides that if "a party fails to obey an order to

provide or permit discovery…the court in which the action is pending may make such orders in

regard to the failure as are just."  Rule 37(b)(2)(A)-(E) lists various orders the court may make,

including ordering that designated facts be established, refusing to allow the disobedient party to

support or oppose certain designated claims, striking the pleadings, default judgment, holding the

disobedient party in contempt of court and requiring either the disobedient party or the disobedient

party's attorney to pay reasonable expenses, including attorneys' fees caused by the failure.

Local Rule 30.1 provides sanctions for abusive deposition conduct including:

"Instructing a deponent not to answer a question except when to preserve a privilege, to enforce a limitation on evidence directed by the cCourt, or to present a motion under Federal Rule of Civil Procedure 30(d)(4)"

S.D.L.R. 30.1(A)(4).

On September 18, 2008, the Court entered a Scheduling Order setting March 13, 2009 as the deadline for fact discovery.  [DE-11].  Plaintiffs made diligent efforts to comply with this Order.   Plaintiffs  repeatedly  attempted  to  arrange  a  convenient  time  and  place  to  depose Defendants without success.  The Defendants continuously delayed discovery and then requested an extension of the discovery in an effort to further needlessly delay this litigation.  [DE-31].  The Court refused to extend discovery and specifically Ordered that Plaintiff be allowed to depose William Gribble.  [DE-36].

Defendants  also  requested  a  protective  order  prohibiting  Plaintiff  from  inquiring  into Defendants' financial matters, asserting that it is not relevant to a calculation of damages.  [DE-31].  Absent a finding by this court or a stipulation as to the amount of damages, Defendants' financial matters are of paramount relevance to the extent to which Plaintiff has been damaged.  The Court agreed in its Order of March 19, 2009, and denied Defendants' request for a protective order,  specifically  stating  that  "the  Court  will  not  preclude  Plaintiff  from  inquiring  into Defendants' financial matters.

On, 2009, Plaintiffs took the deposition of William Gribble.  (Attached hereto as **Exhibit "A"**).  During that deposition, Mr. Gribble refused to answer any questions relating to Defendants' financial matters.  Opposing Counsel made it abundantly clear in an improper speaking objection that Mr. Gribble would not answer any questions relating to Defendants' finances.  (Gribble Dep. P. 56).  As a result, Plaintiff has been denied any inquiry into information relating to damages.

## ARGUMENT

Defendants violated Local Rule 30.1 defines abusive deposition conduct worthy of sanctions as including "instructing a deponent not to answer a question" unless there is a privilege or a Court directive. Here, the Court specifically found that Defendants had no right to refuse to answer inquiries into Defendants' finances. [DE-31]. Defendants completely disregarded the Court's Order and opposing counsel, Mr. Bruce Wilson, specifically instructed the deponent, William Gribble not to answer. Furthermore, Mr. Wilson made this instruction as part of an improper, "speaking" objection where he clearly stated that the only reason for his objection was the very argument explicitly rejected by the Court in its Order requiring Defendants to allow discovery into this subject. The objection was of improper form and based solely on an argument Defendants' counsel knew to be baseless. Sanctions are therefore warranted.

Willful refusal to answer questions at a Court Ordered deposition is grounds for the Court to resolve the lawsuit as a whole in favor of the other party. *Jones v. Niagara Frontier Transp. Authority*, 836 F.2d 731, 734 (2nd Cir. 1987). In *Jones* an officer of Plaintiff willfully refused to answer questions at a court ordered deposition. The trial court dismissed the action entirely as a sanction. Here, the deponent, William Gribble, is an officer and owner of the Defendants. After attempting to evade be deposed entirely, Mr. Gribble purposefully and willfully refused to answer questions presented to him. This was done with fully knowledge that the Court had rejected the very alleged grounds on which he attempted to justify his refusal to answer. Rule 37(b)(2)(C) names default judgment as an appropriate sanction for such action. Because Mr. Gribble's actions were the same as those of the Plaintiff in *Jones*, it would be appropriate for the Court to impose the same sanction and enter a default judgment in favor of Plaintiffs.

An alternative appropriate sanction is to deem Plaintiffs' asserted damages established by the Court. When a party intentionally refuses to answer proper questions at a deposition, it is an appropriate sanction to order facts as asserted by the other party as established. *Navellier v. Sletten,* 262 F.3d 923, 947 (9th Cir. 2001). Rule 37(b)(2)(A) permits a Court to deem Plaintiffs' claimed damages as established due to Defendants' refusal to answer questions relating to damages. Defendants intentionally and willfully disregarded the Court's Order dated March 19, 2009 and refused to answer any questions relating to Defendants' finances. Defendants based this refusal upon an argument that the Court explicitly rejected when ordering Mr. Gribble's deposition. Such action demonstrates a lack of good faith and a disregard for the Court. A Court Order establishing Plaintiffs' damages would expedite this matter significantly. Defendants' objections seem to tacitly accept Plaintiff's determination of damages and so such an Order would also serve justice.

Defendants and/or their attorney who so advised Mr. Gribble to refuse to answer questions at his deposition should also be Ordered to pay attorneys' fees for Mr. Gribble's deposition as well as for the costs of this Motion and any additional costs resulting there from. When a party knowingly refuses to answer questions and impede a court's proceedings, such action warrants imposition of attorneys' fees. *Mehr v. Starwood Hotels & Resorts World-Wide, Inc.*, 72 Fed. Appx. 276, 288 (6th Cir. 2003). In *Mehr,* the Plaintiff refused to answer questions at her deposition on grounds she knew were unacceptable by the Court. The court ordered her to pay attorneys fees totaling $2,945.00. Here Defendants and Defendants' advising attorney were both aware that this Court had explicitly rejected their reasoning for refusing to answer relevant financial questions. Defendants chose to ignore and thwart the Court's obvious desire to expedite this matter and frustrated a primary purpose of the Court Ordered deposition.

In addition to the Federal Rules of Civil Procedure, the Federal Court for the Southern District of Florida has promulgated its own rules concerning discovery. In order to prevent and deter abusive discovery practices, Local Rule 30.1 has clearly defined what this Court considers inappropriate conduct during a deposition. Specifically, Local Rule 30.1(A)(3) lists as "abusive" conduct "instructing a deponent not to answer a question except when to preserve a privilege, to enforce a limitation on evidence…or to present a motion." Defendants' counsel clearly explained that his instructions to not answer questions was based not upon privilege, nor to enforce a limitation imposed by the Court, or nor for a motion. Rather, the sole reason for refusal to comply with the Court Ordered deposition was Defendants' reliance on an argument rejected by the Court. The Defendants asked for a protective order. Their request was denied. Defendants therefore imposed their own protective order by their actions. Were the Court to allow parties to behave in this manner, there would be no need to ever request a protective order. Sanctions including at least attorney's fees are clearly warranted.

## CONCLUSION

Defendants have delayed these proceedings, attempted to avoid setting depositions and resisted all attempts by Plaintiff to make a determination of damages. The Court specifically denied the Defendants' request for a protective order on this issue. Defendants chose to behave as though they had been granted the protective order and ignored the Court's instructions regarding this Court Ordered deposition. Defendants' advising attorney clearly stated that he was instructing his client to refuse to answer all questions relating to finances.

## GOOD FAITH CERTIFICATION

The undersigned has attempted in good faith to confer with opposing counsel and opposing counsel has been non-responsive.

Respectfully submitted,

Law Offices of
**SANTUCCI, PRIORE & LONG, LLP**
*Attorneys for Plaintiffs*
200 South Andrews Avenue
Suite 100
Fort Lauderdale, Florida 33301
Telephone: (954) 351-7474
Facsimile:  (954) 351-7475

By:  s/S. Tracy Long
     S. Tracy Long, Esquire
     Florida Bar Number: 0843008
     stl@500law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 5th day of May, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  s/S. Tracy Long
     S. Tracy Long, Esquire

## SERVICE LIST
**FLEXITEEK AMERICAS, INC. *et al. v.* PLASTEAK, INC. *et al.***
**Case No.: 08-CV-60996 Cohn-Seltzer**
**United States District Court, Southern District of Florida**

Douglas de Almeida
douglas_dealmeida@fl-attys.com
CAMILLO, SNOWDEN & DE ALMEDIA, P.A.
221 West Oakland Park Boulevard
Fort Lauderdale, Florida 33311
Phone: 305.565.3398
Fax: 305.565.3556
Attorney for Defendants
PlasTEAK, PlasDECK, and Andre Batista
Service via ECF

Bruce H. Wilson
BruceWilsonEsq@aol.com
789 West Market Street
Akron, Ohio 44303
Phone: 330.253.8300
Attorney for Defendants
PlasTEAK, PlasDECK, and Andre Batista
Service via ECF