UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60996-CIV-COHN/SELTZER

FLEXITEEK AMERICAS, INC.,
et al.,

        Plaintiffs,

v.

PLASTEAK, INC., et al.,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Summary Judgment [DE 52]. The Court has considered the Motion and the exhibits thereto, Defendants' Response [DE 61], Plaintiffs' Reply [DE 76] and the exhibits thereto, the record in this case, the argument of counsel on June 4, 2009, and is otherwise advised in the premises.

The Court holds that summary judgment will be granted on behalf of Plaintiff with respect to the issues of standing,[1] anticipation, obviousness, and laches.[2] Summary judgment will be denied on the issues of infringement and inequitable conduct.

---

[1] The Court will briefly state its holding on the issue of standing in light of the extensive argument before the Court on these matters and in order to facilitate the mediation that the parties will be conducting on June 5, 2009, The Court's reasoning on this matter will be fully-articulated in an ensuing Order Denying Defendants' Renewed Motion to Dismiss.

[2] Apart from a statement in Defendants' Answer [DE 8], which reads "Plaintiffs' claims are barred because of Plaintiffs' laches," Defendants have not placed a scintilla of evidence or argument before this Court to support this defense. Accordingly, Defendants' affirmative defense of laches will be summarily dismissed.

## I. BACKGROUND

This action is based on Plaintiffs' claim that Defendants have sold or installed products that infringe on US Patent No. 6,895,881 ("the '881 patent"). The subject matter of the '881 patent is a synthetic teak decking product that is often used with marine vessels.

After a contentious discovery period, during which a number of motions regarding discovery failures were filed, Plaintiffs filed the instant Motion for Summary Judgment. In the Motion, Plaintiffs argue that Defendants have not identified sufficient witnesses or evidence to support their affirmative defenses. Plaintiffs further argue that the issue of infringement is capable of being determined by looking to the expert opinions alone, particularly in light of the fact that Defendants did not produce an expert with experience and training in the particular field of the invention.

Defendants' Response argues that there are disputed issues of material fact that preclude summary judgment. To support this argument, Defendants refer generally to the pleadings and attachments in the record, including Defendants' own motions for summary judgment. Defendants also argue that a court entertaining a motion for summary judgment should not make credibility determinations on conclusory opinion testimony, particularly when the opinion addresses the ultimate issue in the case.

## II. LEGAL STANDARD

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial

responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Rule 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. at 249-50.

## III. ANALYSIS

1. **Summary Judgment is Granted in Favor of Plaintiffs' on the Issue of Standing**

The Patent Act provides that only "[a] patentee" is entitled to bring a civil action "for infringement of his patent." 35 U.S.C. § 281. The term "patentee" includes "not only the patentee to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. § 100(d). "Although 'ownership' and 'inventorship' are not identical for patent law purposes, they are related. Inventorship provides the starting point for determining ownership of patent rights. The true and original inventor must be named in the application for a patent and, absent some effective transfer or obligation to assign the patent rights, the original inventor owns the right to obtain the patent." University Patents, Inc. v. Kligman, 762 F.Supp. 1212, 1218-19 (E.D. Pa. 1991). On the record before this Court, and for reasons which were discussed in open Court on June 4, 2009 and which will be described fully in the Court's Order Denying Defendants' Renewed Motion to Dismiss, the Court finds that Plaintiffs have established standing to bring this action.

2. **Summary Judgment is Granted in Favor of Plaintiffs on Defendants' Affirmative Defenses of Invalidity Due to Anticipation and Obviousness**

In patent actions, a patent is presumed to be valid and the party challenging a patent's validity has the burden of proving the invalidity by clear and convincing evidence. See 35 U.S.C. § 282; Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P. C., 482 F.3d 1347, 1357-58 (Fed. Cir. 2007) ( citing U.S. Surgical Corp. v. Ethicon, Inc., 103 F.3d 1554, 1564 (Fed. Cir. 1997)). "Our precedent holds that the presumption of validity afforded a U.S. patent by 35 U.S.C. § 282 requires that the party challenging validity prove the facts establishing invalidity by

4

clear and convincing evidence." <u>Verdegaal Bros., Inc., v. Union Oil Co. of Cal.</u>, 814 F.2d 628, 631 (Fed. Cir. 1987) (citations omitted). Plaintiffs argue that "Defendants evidence provides a list of prior art materials without explanation of how they obviate or anticipate Plaintiffs' patent." (Reply at 9.) After considering the limited record before this Court, in particular the lack of evidence and argument set forth by Defendants on their affirmative defenses that the '881 patent is invalid due to anticipation by prior art and obviousness, the Court finds that Defendants have not met their burden to survive summary judgment on these issues.

"A prior art reference anticipates a patent claim if the reference discloses, either expressly or inherently, all of the limitations of the claim." <u>Finnigan Corp. v. International Trade Com'n</u>, 180 F.3d 1354, 1365 (Fed. Cir. 1999); <u>accord</u> <u>Continental Can Co. v. Monsanto Co.</u>, 948 F.2d 1264, 1268 (Fed. Cir. 1991) ("Anticipation . . . requires that the identical invention that is claimed was previously known to others and thus is not new."). Here, Defendants have not even attempted to demonstrate how "an anticipatory reference" shows "all of the limitations of the claims arranged or combined in the same way as recited in the claims" of the '881 patent. <u>Net MoneyIN, Inc. v. VeriSign, Inc.</u>, 545 F.3d 1359, 1370 (Fed. Cir. 2008). Therefore, Plaintiffs' Motion will be granted with respect to the issue of anticipation.

In order to show that a claim is invalid due to obviousness, the challenger must prove that the differences between the invention and the prior art "are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a). Whether the invention was obvious under § 103 is to be determined by the following analysis:

5

> Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented.

Graham v. John Deere Co. of Kansas City, 383 U.S. 1, 17-18 (1966); see also KSR Intern. Co. v. Teleflex Inc., 550 U.S. 398, 406-07 (2007). Again, Defendants simply have not described the prior art in any degree that would allow this Court to determine that this analysis renders the '881 patent invalid. At this stage in the litigation, Defendants, who bear the burden, cannot escape summary judgment on this affirmative defense without a greater showing than what is before this Court. Accordingly, summary judgment is granted on the issue of anticipation.

### 3.    Summary Judgment is Denied on the Issue of Inequitable Conduct

To establish the existence of inequitable conduct in a patent case, a party must present "evidence of affirmative misrepresentation of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive." Ulead Systems, Inc. v. Lex Computer & Management Corp., 351 F.3d 1139, 1144 (Fed. Cir. 2003). Thus, a claim of inequitable conduct has two elements of materiality and intent – both of which must be established by clear and convincing evidence. Bruno Indep. Living Aids, Inc. v. Acorn Mobility Servs., Ltd., 394 F.3d 1348, 1351 (Fed. Cir. 2005). If a defendant succeeds in proving materiality and intent to deceive, the Court must weigh these findings in light of all of the circumstances and determine if there was inequitable conduct. See Purdue Pharma L.P. v. Boehringer Ingelheim GmbH, 237 F.3d 1359, 1366 (Fed. Cir. 2001). "This requires a careful balancing: when the misrepresentation or withheld information is highly material, a

lesser quantum of proof is needed to establish the requisite intent. In contrast, the less material the information, the greater the proof must be." Purdue Pharma L.P. v. Endo Pharms. Inc., 438 F.3d 1123, 1128-29 (Fed. Cir. 2006).

Patent applicants "have a duty to prosecute patent applications in the Patent Office with candor, good faith, and honesty." Honeywell Int'l Inc. v. Universal Avionics Sys. Corp., 488 F.3d 982, 999 (Fed. Cir. 2007). The materiality of a prior art product turns on whether "a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent." Symantec Corp. v. Computer Assocs. Int'l, Inc., 522 F.3d 1279, 1297 (Fed. Cir. 2008) (quotation omitted). "Close cases should be resolved by disclosure, not unilaterally by the applicant." LaBounty Mfg., Inc. v. U.S. Int'l Trade Comm'n, 958 F.2d 1066, 1076 (Fed. Cir. 1992).

Intent does not have to be proven by direct evidence. ATD Corp. v. Lydall, Inc., 159 F.3d 534, 547 (Fed. Cir. 1998). Rather, in the absence of a credible explanation, "intent to deceive is generally inferred from the facts and circumstances surrounding a knowing failure to disclose material information." Id. "To satisfy the requirement of . . . intent to deceive . . . , the involved conduct, viewed in light of all the evidence, including evidence of good faith, must indicate sufficient culpability to require a finding of intent to deceive." M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc., 439 F.3d 1335, 1341 (Fed. Cir. 2006) (quotation omitted). A motion for summary judgment on inequitable conduct "may be granted when, drawing all reasonable factual inferences in favor of the non-movant, the evidence is such that the non-movant cannot prevail." ATD Corp., 159 F.3d at 547.

This issue presents a much more difficult question as compared to anticipation and invalidity for several reasons. First and foremost, Defendants filed a Motion for

Summary Judgment on Unenforceability [DE 49] that articulates the grounds for this affirmative defense.  In short, Defendants argue that Plaintiffs committed inequitable conduct before the United States Patent and Trademark Office ("PTO") during the application process for the '881 patent, thereby rendering the '881 patent unenforceable.  In particular, Defendants argue that Plaintiffs (1) withheld material information from the PTO, i.e., a decision by a foreign tribunal revoking a New Zealand patent based on the same subject matter as the '881 patent ("IPONZ Decision"),[3] and (2) misrepresented their ownership interest in the '881 patent.

Second, although Plaintiffs have submitted witness declarations that purportedly establish a good faith explanation for the nondisclosure of the IPONZ Decision, the Court finds that Defendants should have the opportunity to cross examine the witnesses and the Court should have the ability to evaluate the credibility of their explanations prior to determining whether or not the element of intent has been satisfied.

Finally, Plaintiffs are correct that the Court should exercise caution in according weight to a foreign patent office, which uses different procedures, standards and laws. See Heidelberger Druckmaschinen AG v. Hantscho Comm'l Prods., Inc., 21 F.3d 1068, 1072 (Fed. Cir. 1994).  Indeed, this is why the Court did not simply rely on the IPONZ Decision to establish Defendants' burden on its claims that the '881 patent is invalid due to anticipation or obviousness.  In addition, Plaintiffs argue that they chose not to

---

[3]   To be considered on a motion for summary judgment, evidence must be admissible at trial or capable of being presented in admissible form at trial. Fed. R. Civ. P. 56(e); Denney v. City of Albany, 247 F.3d 1172, 1189 n.10 (11th Cir. 2001).  The Court has considered the IPONZ Decision in connection with Plaintiffs' Motion because it may be admissible at trial.  But Defendants should not construe this decision as a finding that Federal Rules of Evidence regarding admissibility or authentication have been waived by Plaintiffs for the purposes of trial.

8

participate in the revocation proceedings involving the New Zealand patent. However, granting Defendants all reasonable inferences at this stage, the Court finds that the materiality of the revocation proceedings themselves, even prior to the IPONZ Decision, is a question that cannot be resolved in the Plaintiffs' favor on summary judgment. "Determining at summary judgment that a patent is unenforceable for inequitable conduct is permissible, but uncommon." Digital Control Inc. v. The Charles Machine Works, 437 F.3d 1309, 1313 (Fed. Cir. 2006). Therefore, the Court will deny Plaintiffs' Motion with respect to inequitable conduct and the Court will conduct a bench trial on this issue.

4. **Summary Judgment is Denied on the Issue of Infringement**

To succeed on an infringement claim, a patentee must supply sufficient evidence to prove that the accused product or process meets every element or limitation of a claim. See Lemelson v. United States, 752 F.2d 1538, 1551 (Fed. Cir. 1985) ("It is . . . well settled that each element of a claim is material and essential, and that in order for a court to find infringement, the plaintiff must show the presence of every element . . . in the accused device."); Laitram Corp. v. Rexnord, Inc., 939 F.2d 1533, 1535 (Fed. Cir. 1991) ("the failure to meet a single limitation is sufficient to negate infringement of the claim").

Plaintiffs assert that the Court can determine infringement relying, in large part, on the opinion of Plaintiffs' expert. Plaintiffs argue that their position is particularly strong here because Defendants' expert report and testimony on this issue of infringement has been excluded by the Court. Defendants argue that "an expert opinion is just that, an 'opinion.'" (Response at 5.) As the Federal Circuit has found, nothing in the Federal Rules of Evidence require a fact finder to accept an expert's conclusion. See Rohm and Haas Co. v. Brotech Corp., 127 F.3d 1089, 1092 (Fed. Cir.

9

1997) ("The patentee bore the burden of proving that the accused product or process satisfied each element of the claims. [The patentee] offered nothing more than its expert's general opinion that the accused product or process infringed the patents. The district court determined that the patentee had not satisfied its burden of proof on two claim elements.") Defendants' counsel also argued that Plaintiffs were "trying to have it both ways" because in their motion to exclude Defendants' expert, Plaintiffs argued that expert testimony that "constitutes a legal conclusion or otherwise tells 'the [fact-finder] what result to reach' . . . in no way assists the trier of fact." (Plaintiff's Daubert Motion [DE 51] at 14 (quoting Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990)). Even putting aside this apparent inconsistency in Plaintiffs' positions, the Court finds that Plaintiffs failed to demonstrate that no reasonable jury could find in favor of Defendants on the issue of infringement. Accordingly, Plaintiffs' Motion will be denied and the Court will conduct a jury trial regarding whether Defendants' products infringe upon the '881 patent.

## IV. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Summary Judgment [DE 52] is **GRANTED in part** and **DENIED in part**.
2. Plaintiffs' Motion is granted with respect to the issues of standing, anticipation, obviousness, and laches.
3. Plaintiffs' Motion is denied on the issues of infringement and inequitable conduct.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 5th day of June, 2009.

*[signature]*

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF