IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Flexiteek Americas, Inc. *et al.*, | ) CASE NO.  0:08-CV-60996-JIC |
| ) | |
| Plaintiffs, | ) JUDGE JAMES I. COHN |
| ) | |
| v. | ) **DEFENDANTS' MOTION TO** |
| ) **RECONSIDER, ALTER OR AMEND** | |
| PlasTEAK, Inc. *et al.*, | ) **ORDER GRANTING IN PART AND** |
| ) **DENYING IN PART PLAINTIFFS'** | |
| Defendants. | ) **MOTION FOR SUMMARY JUDGMENT,** |
| ) **AND INCORPORATED MEMORANDUM** | |
| ) **OF IN SUPPORT THEREOF** | |

Defendants PlasTEAK, Inc., and PlasDECK, Inc. (collectively "PlasTEAK"), and Andre Batista, hereby move the Court pursuant to Fed. R. Civ. P. 54(b) and 59(e) to reconsider, alter or amend the Court's Order Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment, entered June 5, 2009.

**MEMORANDUM IN SUPPORT**

**I. The Court May Revise its Summary Judgment Order**

An order that resolves fewer than all of the claims among the parties, "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (in part). As the Eleventh Circuit has noted, "what is considered to be the 'facts' at the summary judgment stage may not turn out to be the actual facts if the case goes to trial… ." *Cottrell v. Caldwell*, 85 F.3d 1480, 1486 (11th Cir. 1996). Therefore, an interlocutory summary judgment opinion may be revisited as additional facts are made known to the Court. Further, the Eleventh Circuit has held, "that if a district court decision is interlocutory and subject to reconsideration, any constraints of the law-of-the-case doctrine are inapplicable." *Lanier Constr., Inc. v. Carbone Props. of Mobile, LLC*, 253 Fed. Appx. 861, 863

(11th Cir. 2007). Although courts generally should not reopen issues once decided, an exception exists where the court is convinced that its prior decision is clearly erroneous and would work a manifest injustice. *Urologix, Inc. v. Prostalund AB, et al.,* 256 F.Supp.2d 911, 914 (E.D. Wis. 2003) citing *Agostini v. Felton,* 521 U.S. 203, 236, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997). See also, *Pioneer Paper Stock Co. v. Miller Transport Co., et al.,* 109 F.Supp. 502 (D.C. N.J. 1953) (in non-jury action, trial judge may grant new trial where he finds manifest misapprehension of the law or mistake of fact.)

## II. <u>Plaintiffs Moved for Summary Judgment on Infringement Only</u>

"A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(a). Plaintiffs in this case did not move for partial summary judgment. Plaintiffs dismissed Count II of their Complaint, leaving only their claim for patent infringement. Plaintiffs' <u>Motion for Summary Judgment</u> requests the Court, "to enter a Summary Judgment in their favor on Count 1 of the Complaint for Patent Infringement of the '881 Patent." [DE 52, at 4]. While Plaintiffs attacked Defendants' defenses in their <u>Memorandum of Law in Support of Motion for Summary Judgment</u> (DE 52-13) (which Plaintiff was required to do since they bore the burden to disprove the affirmative defenses or establish their legal insufficiency), Plaintiffs moved the Court for summary judgment solely on the issue of patent infringement. Plaintiff did not file motion(s) for partial summary judgment as to Defendants' affirmative defenses. Therefore, since the Court found material facts in dispute that defeated Plaintiffs' motion for summary judgment on infringement, the motion should have been denied in its entirety. *See Elantech Devices Corp. v. Synaptics*, 2007 U.S. Dist. LEXIS 82017, 28-29 (N.D.Cal. 2007) (a patent case denying summary judgment on infringement wherein the court stated that summary judgment could have been granted on one accused product

but not the other if the plaintiff had only moved for partial summary judgment). Alternatively, since the case was not fully adjudicated on this motion, the Court could have issued an order specifying what facts are genuinely not at issue. Fed.R.Civ.P. 56(d).

### III. Plaintiffs Have Not Met Their Burden

"The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to *any material fact* and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (in part) (emphasis added). The only issue before the Court on Plaintiffs' Motion for Summary Judgment was that of infringement. The Court denied Plaintiffs' Motion for Summary Judgment on infringement, but instead granted summary judgment on Defendants' affirmative defenses of anticipation and obviousness.

Aside from the fact that the Court found that the Plaintiffs did not meet their burden on summary judgment regarding Defendants' unenforceability defense, the Court also found that Plaintiffs failed to meet their burden of proving that the accused products contain each and every element of the claim. [DE 112, at 9-10]. If Plaintiffs fail to carry their burden on any single element of their claim, then summary judgment cannot be granted, even if Defendants fail to introduce any evidence at all. As the Eleventh Circuit held in *Herzog*, "[t]he moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever." *Herzog*, 193 F.3d at 1246.

### IV. Even if Plaintiffs Had Moved for Partial Summary Judgment on the Issues of Standing and Invalidity, Defendants' Referenced Material Facts in Dispute on Each of Those Issues

The parties have separately briefed the issue of standing and the Court has indicated that

a further ruling on that issue will be forthcoming. [DE 112, at 4]. Defendants incorporate herein by reference docket entries 29, 32, 48, and 67 (and all attachments thereto) in support of Defendants assertion that there are disputes of material fact on the issue of standing, and summary judgment on this issue is inappropriate.

As to invalidity, the Court stated in its Order that, "Defendants have not even attempted to demonstrate how 'an anticipatory reference' shows 'all of the limitations of the claims arranged or combined in the same way as recited in the claims' of the '881 patent." [DE 112, at 5]. With respect, Defendants assert that this is too high a burden for Defendants to meet in deciding the issue of anticipation on summary judgment. "[A]nticipation is a question of fact, including whether an element is inherent in the prior art." *Eli Lilly & Co. v. Zenith Goldline Pharms., Inc.*, 471 F.3d 1369, 1375 (Fed. Cir. 2006). Questions of fact are to be left to the jury. *See Cottrell*, 85 F.3d at 1486; *Rand v. Rowland*, 154 F.3d 952, 957, n. 4 (9th Cir. 1998) ("A district court does not, of course, make 'findings of fact' in ruling on a summary judgment motion. Findings of fact are made on the basis of evidentiary hearings and usually involve credibility determinations.").

Further on, the Court states, "Defendants simply have not described the prior art in any degree that would allow this Court to determine that this analysis renders the '881 patent invalid." [DE 112, at 6]. While obviousness, on the other hand, is a conclusion of law, the Federal Circuit has acknowledged that, "[t]he presence or absence of a motivation to combine references in an obviousness determination is a pure question of fact." *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000); *accord Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1348 (Fed. Cir. 2000). It is enough for Defendants to reference the prior art which creates an inference of obviousness. Such an inference must be construed in the Defendants' favor as the nonmoving

party on summary judgment.

Plaintiffs themselves concede that the prosecution history is a document disclosed by the Defendants. [DE 52-13, at 8]. The prosecution history of application number 10/018,316 contains the examiner's rejection of all seventeen claims, as originally written, based on 35 U.S.C. §§ 112, 102, and 103. In so doing, the examiner cited the following prior art patents: Harshberger, Klammt, Hinds, Anstadt, Zwilgmeyer, Hunter, Wolter, and GB 2000471A. After amendment, the examiner rejected all but claim 15. In so doing, the examiner cited 35 U.S.C. §§ 112, 102, and 103, and the following prior art patents: Jaspert and Fincher. Copies of the Examiner's Actions and the prior art cited therein are attached hereto and incorporated herein by reference.

In response to Defendants' Interrogatory Requests, Plaintiffs identified and made reference to the IPONZ decision revoking Plaintiff's New Zealand patent no. 516110, which is based on the same international application, WO01/00948, which describes and claims the same subject matter of the invention applied for in U.S. application number 10/018,316. A certified copy of the IPONZ revocation proceedings in their entirety is attached hereto and incorporated herein by reference. The assistant commissioner of patents who revoked the Plaintiff's New Zealand patent cited the following patents: United Kingdom Patent Specification 1531031 (Formica International), and United States Patent Specification 4290248 (Kemerer and Vassar), because the specifications in those prior art patents publish claims 1-18 of the New Zealand patent.

Bearing in mind that the Plaintiffs' representatives who were prosecuting U.S. application number 10/018,316, to obtain the '881 Patent in the name of inventor Derek Whitaker, established the prosecution history referred to above in 2003 (see Decision on

Renewed Petition Under 37 CFR 1.47(b) filed September 17, 2003 in the USPTO, a copy of which is attached hereto and incorporated herein by reference), and, that they have known about and considered the consequences of the IPONZ decision since at least 2003, there should have been no surprise when Defendants cited to those public archives as the source of prior art material upon which they would predicate their challenge to the Plaintiffs' standing to bring this case, and their affirmative defenses. See Declaration of Svein Abrahamsen, President and CEO of Plaintiff, Flexiteek International AS [DE59-4]. Put another way, Plaintiffs themselves refer to documents which create issues of material fact sufficient to defeat summary judgment on anticipation and obviousness.

Specifically, Plaintiffs made reference to the IPONZ Decision and the Smithers-Rapra Report in their memorandum in support of their motion for summary judgment. [DE 52-13, at 14, n. 14]. The IPONZ decision references United Kingdom Patent Specification 1531031 (Formica International), and United States Patent Specification 4290248 (Kemerer and Vassar), a prior art patent that Defendants contend anticipates the claim of the patent in suit. Therefore, Plaintiffs themselves refer to documents that create issues of material fact sufficient to defeat summary judgment on anticipation and obviousness, had the Plaintiffs moved for partial summary judgment on these grounds, which they did not do.

## CONCLUSION

WHEREFORE, pursuant to F.R.C.P. 54(b) and 59(e), Defendants, PlasTEAK, Inc., PlasDECK, Inc., and Andre Batista, respectfully request this Honorable Court to reconsider its Order Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment [DE112], and to specifically alter or amend its determination to summarily dismiss Defendants'

Affirmative Defense of laches, and its determination that Plaintiffs were entitled to Summary Judgment on Defendants' Affirmative Defenses of Standing, Anticipation, and Obviousness; and Defendants request the Honorable Court simply enter an Order denying Plaintiffs' <u>Motion for Summary Judgment</u> in its entirety on the sole issue of infringement.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so.

Signed:   __s/Bruce H. Wilson_____
Bruce H. Wilson, Ohio Reg. # 0000989
789 West Market Street
Akron, OH  44303
Telephone:  (330) 253-8300
Facsimile:  (330) 650-1129
Email:  BruceWilsonEsq@aol.com
Attorney for Defendants PlasTEAK, Inc.,
and PlasDECK, Inc.

and

Douglas de Almeida, Fla. Bar ID# 366757
Camillo, Snowden, and de Almeida, P.A.
221 W. Oakland Park Blvd.
Fort Lauderdale, Florida  33311
Telephone:  (954) 565-3398
Facsimile:  (954) 565-3556
Email:  Douglas_deAlmeida@fl-attys.com
Attorney for Defendants PlasTEAK, Inc.,
PlasDECK, Inc., and Andre Batista

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by the Clerk's electronic filing system this 14th day of June 2009, to: S. Tracy Long, Esq., Santucci, Priore & Long, LLP, 200 S. Andrews Ave., Suite 100, Fort Lauderdale, FL 33301, stl@500law.com, Attorneys for Plaintiffs.

Signed:   s/ Douglas de Almeida
Douglas de Almeida, Fla. Bar ID# 366757
Camillo, Snowden, and de Almeida, P.A.
221 W. Oakland Park Blvd.
Fort Lauderdale, Florida  33311
Telephone:  (954) 565-3398
Facsimile:  (954) 565-3556
Email:  Douglas_deAlmeida@fl-attys.com
Attorney for Defendants PlasTEAK, Inc.,
PlasDECK, Inc., and Andre Batista

and

Bruce H. Wilson, Ohio Reg. # 0000989
789 West Market Street
Akron, OH  44303
Telephone:  (330) 253-8300
Facsimile:  (330) 650-1129
Email:  BruceWilsonEsq@aol.com
Attorney for Defendants PlasTEAK, Inc.,
and PlasDECK, Inc.