UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60996-CIV-COHN/SELTZER

FLEXITEEK AMERICAS, INC.,
et al.,

        Plaintiffs,

v.

PLASTEAK, INC., et al.,

        Defendants.
_____/

## CLAIM CONSTRUCTION ORDER

**THIS CAUSE** is before the Court upon the parties' Joint Statement Regarding Claim Construction [DE 103] and the Markman hearing held before this Court on June 4, 2009. The Court has carefully considered the Joint Statement and the arguments of counsel, and is otherwise advised in the premises.

It is the Court's role to construe the claims of the disputed patent. Markman v. Westview Instruments, Inc., 517 U.S. 370, 388-390 (1996). The Court principally looks to the claims made in the patent, the specifications, and the prosecution history. Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed. Cir. 1996). Only if these are ambiguous, does the Court look to extrinsic evidence, such as expert affidavits or declarations. Id.

There are seven disputed issues raised by the parties and to be decided by the Court in construing the claims. The first issue is the meaning of the term "laid in curved formation." Defendants argue that this term means "placed so as to curve laterally," while Plaintiffs assert that the term means "capable of being curved so as to conform to

a surface to which the planks or sheets are attached." The key distinction is that Defendants claim that the term is limited to "lateral" curving. Plaintiffs take the position that the term encompasses the ability to curve over a three-dimensional surface and thus is not limited to only lateral curving. The Court finds that the plain meaning of "curved" would not be limited to lateral bending; therefore, the Plaintiffs' definition will be used. In addition, the Court's finding with respect to the meaning of term "curved" resolves two other disputes. The definition of the term "for facilitating forming of" will be the one set forth by Plaintiffs, which reads "enhances the capability of, and increases the degree of ability for curvature." The definition of the term "curved coverings" will also be Plaintiffs' definition, which reads "curved assembled surface coverings."

The fourth disputed issue is the meaning of the term "roughened." Defendants assert that the term means "scratching the upper surface of the planks, sheets, or assembled surface covering so as to create a dull finish and non-slip texture." Plaintiffs' definition is "applying an abrasive material to modify the upper surface so that it has the appearance of wood." The Court found that the plain meaning of the term "roughened" does not include "dull finish." The Court also found that the term "roughened" suggests a "non-slip texture." Therefore, the Court finds that the definition of the term "roughened" will be "applying an abrasive material to modify the upper surface so that it has the appearance of wood and a non-slip texture."

The fifth disputed term is "longitudinal slots." Defendants argue that the term means "purposefully formed continuous structures of substantial depth, not formed incidentally to the manufacturing process, that run the length of the planks or sheets, and removes enough material sufficient to facilitate the lateral curving of the planks for

sheets, and to serve as a base for glue sufficient to enhance adherence to the surface recipient." Plaintiffs' assert that the term should be defined as "recesses of various shapes, sizes and lengths on the underside of the planks or sheets which both (1) facilitate curving and (2) form a surface connection by means of glue or adhesive material to a surface being covered." Plaintiffs argue that the term does not imply "substantial depth" relying on DSU Medical Corp. v. JMS Co., Ltd., 471 F.3d 1293, 1300 (Fed. Cir. 2006). The opinion is DSU Medical found that because the claim language only recites the term "slot," the claim does not incorporate any limitation on the size. Id. The Court agrees with this reasoning and will not impose any limitation on the size and shape of the slots. The Court does find however, that the term "longitudinal" requires that the slots run the length of the planks. Therefore, the definition of the term "longitudinal slots" means "recesses that run the length of the planks or sheets, without limitation of the size or shape of the recesses which both (1) facilitate curving and (2) form a surface connection by means of glue or adhesive material to a surface being covered."

The sixth disputed term is "a base for." Defendants argue that the term should be defined as "a reservoir or receptacle to retain." Plaintiffs argue that the term should mean "a surface that creates a strong bond with glue or an adhesive material" The Court finds that the term "a base for" shall be defined as "a foundation or support for."

The final disputed term is "glue or adhesive." Defendants put forward the definition "bonding agent to attach curved coverings to another object." Plaintiffs argue for "glue or adhesive capable of permanently adhering the surface covering to a surface." The Court agrees with Defendants and the term "glue or adhesive" shall be

defined as "bonding agent to attach curved coverings to another object."

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 14th day of June, 2009.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF