## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No.: 08-60996-CIV-COHN SELTZER

FLEXITEEK AMERICAS, INC., a Florida
corporation, FLEXITEEK INTERNATIONAL
AS, a Foreign corporation,

               Plaintiffs,

vs.

PLASTEAK, INC., an Ohio corporation,
PLASDECK, INC., an Ohio corporation, and
ANDRE BATSITA, an individual,

               Defendants.

_____/

### PLAINTIFFS' MOTION FOR NEW TRIAL ON DAMAGES
### AND INCORPORATED MEMORANDUM OF LAW

     The Plaintiffs, FLEXITEEK AMERICAS, INC. a Florida corporation ("FAI") and

FLEXITEEK INTERNATIONAL AS, a foreign corporation ("FAIS"), by and through their

undersigned counsel hereby files the following Motion for New Trial on Damages and

incorporated Memorandum of Law pursuant to Rule 60(b)(2), Federal Rules of Civil Procedure

and Rule 7.1, Local Rules for the Southern District of Florida and, as grounds therefore would

show:

### MOTION FOR NEW TRIAL ON DAMAGES

     1.     Rule 60(b)(2), Federal Rules of Civil Procedure, grants this District Court the

inherent power to grant any party relief from a final judgment, order or proceedings for "newly

discovered evidence that, with reasonable diligence, could not have been discovered in time to

move for a new trial under Rule 59(b)."

2.      In the case at bar the District Court entered a Final Judgment on June 3, 2009 [DE-158], following a Jury Verdict [DE-143] and a Findings of Fact and Conclusions of Law on the bench trial portion of the case [DE-155].   By operation of the Rule 59, Federal Rules of Civil Procedure, a Motion for New Trial thereunder would have been due on or before July 22, 2009 (with three days for mailing).

3.      On or about July 23, 2009, the United States Patent and Trademark Office published patent application 12/017,089 (the "'089 Application") by William R. Gribble as the inventor, and assigned to PlasTEAK, Inc. for a "Simulated Wood Surface Covering for Decks and Floors."  (A copy of the face sheet of the '089 Application is attached hereto as **Exhibit "A"**).[1]

4.      The '089 Patent is troubling from several aspects.  First and foremost, it discusses in the body of the application the Plaintiffs' patent, U.S. Patent 6,895,881 (the "'881 Patent) as prior art, and secondly the date of the application is listed as January 21, 2008.

5.      The date of the application, and the knowledge of the inventor, Mr. Gribble of the existence of the '881 Patent as prior art, ***precedes the filing of the complaint*** in this action by almost six (6) months.

6.      However, on direct questioning during the time of trial, Mr. Gribble testified on more than one occasion that he did not know of the existence of the '881 Patent until the Plaintiffs filed and served their Complaint in June 2008.

7.      Mr. Gribble's testimony had a profound effect on the damages which were awarded to the Plaintiffs at the time of trial.  The Defendants argued that, and the jury awarded

---

[1] The Exhibit is "Print Screen" from the undersigned attorney's computer because the .pdf copy of the application is not available through either Google Patents or from the United States Patent and Trademark Office.  However, the available dates that are depicted on the official document are relevant to this motion, and as such, the exhibit is presented in this form.

damages of approximately $80,000.00, due to the failure of the Plaintiffs to mark their products with the patent number, damages were limited to those incurred after this action was filed.  The actual knowledge of the infringer of the existence of the patent in connection with the product waives the necessity of marking the products, and the patent holders is able to make a claim for past damages dating from the date of actual knowledge.

8.     Additionally, at the time of the trial, the Plaintiffs were forced to abandon their claim for intentional infringement, in large part due to the testimony of Mr. Gribble regarding his actual knowledge of the '881 Patent.

9.     Further, the Plaintiffs requested that the Defendants produce any and all documents which represent creative steps to design their products.  (A copy of the Plaintiffs Second Request for Production is attached hereto as **Exhibit "B"**).   The only thing which the Defendants elected to produce, ***and, in fact, clearly suggested even existed***, was a 1 page document called the "Sea Ray Story."  (A copy of the Defendants Response and Supplemental Response to the Second Request for Production is attached hereto as **Composite Exhibit "C"** and a copy of the Sea Ray Story is attached hereto as **Exhibit "D"**).

10.     Clearly, the '089 Application, which on its face competes with the '881 Patent, and would be an inventive step in the Defendants' products that should have been produced to the Plaintiffs.  Had the '089 Application been produced, the Plaintiffs would have direct and relevant evidence to impeach the testimony of Mr. Gribble, as the putative inventor on the '089 Application of his knowledge of the existence of the '881 Patent in connection with the Plaintiffs' products.

11.     On October 12, 2009, the Defendant, PlasDECK, revised their website to offer for sale a product called the "E-Series" which appears to be nothing more than the PD-Products,

which were determined by a jury to be infringing upon the '881 Patent, with the same exact product numbering system, but replacing the "PD" designation with an "E." (A copy of the print out of the website is attached hereto as **Composite Exhibit "E"**).

12.     The website discloses for the first time that the Defendants have been issued United States Patent Number 7,578,251 (the "'251 Patent), which covers the E-Series of Products. (A copy of the '251 Patent is attached as **Exhibit "F"**).

13.     The '251 Patent is simply the issuance of the prior '089 Patent application. What is relevant is that the face of the '251 Patent contains additional historical information regarding this patent and the inventor, Mr. Gribble. The application, which names the '881 Patent as prior art was originally filed on September 30, 2005, and then re-filed on September 29, 2006. That means, in complete contradiction and contravention of his testimony at the time of trial, Mr. Gribble had actual knowledge of the subject patent and the Plaintiffs' product at or near the time of the issuance of the patent.

14.     The combination of the non-disclosure of the '089 Application and the relevant dates during discovery in this matter, and the testimony of Mr. Gribble at the time of the trial regarding his actual knowledge of the '881 Patent and Flexiteek's products represent perjury on the part of Mr. Gribble that substantially impaired the Plaintiffs argument for damages stretching back through 2005 and 2006. The non-disclosure of those materials prevented the Plaintiffs from cross-examining and impeaching Mr. Gribble on his actual knowledge of the '881 Patent, which would represent a waiver of the limitation of damages under the marking statute.

15.     The Plaintiffs are entitled to a new trial on damages only, in order to properly place all of the relevant evidence in front of the jury.

<u>MEMORANDUM OF LAW IN SUPPORT OF
A NEW TRIAL ON DAMAGES</u>

**A. Standard**

Plaintiff moves for a new trial on damages based on newly discovered evidence of Bill Gribble's perjury during the trial. A new trial is properly granted under Fed. R. Civ. P. 59(a)(1), which states that a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Rule 59(a)(1), or under Rule 60(b)(2), allows relief from Judgment for newly discovered evidence that could not have reasonably been discovered in time to move for a new trial under 59(b).  For newly discovered evidence to provide a basis for a new trial under Rule 60(b)(2), the moving party must show "(1) the evidence was newly discovered since the trial; (2) [the moving party] was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence [is] material; and (5) that a new trial[ ] with the newly discovered evidence would probably produce a different result." *Graham v. Wyeth Lab.*, 906 F.2d 1399, 1416 (10th Cir.1990).

Generally, a trial court should grant a motion for a new trial when "in the opinion of the trial court, the verdict is contrary to the great weight of the evidence, thus making a new trial necessary to prevent a miscarriage of justice." *Roebuck v. Drexel University,* 852 F.2d 715, 736 (3d Cir.1988) (*citing,* 9 Charles Wright & Arthur Miller, *Federal Practice & Procedure* § 2531 at 575-76 (1971) (noting that the standard for granting a new trial is substantially less demanding than that for a judgment as a matter of law)). A new trial may be granted if the jury's failure to award proper damages renders the award insufficient or inadequate.  *See DePinto v. Provident Sec. Life Ins. Co.,* 323 F.2d 826, 837-38 (9th Cir.1963); *see also McHose v. Physician & Clinic Servs., Inc.,* 548 N.W.2d 158, 162 (Iowa App.Ct.1996) ("An inadequate damage award merits a

5

new trial as much as an excessive one."). Courts have also held that the remedy of a new trial for insufficient damages is appropriate where the evidence indicates that the jury awarded damages in an amount "substantially less than unquestionably proven by plaintiff's uncontradicted and undisputed evidence," *Semper v. Santos,* 845 F.2d 1233,1236 (3d DCA, 1988), *citing Taylor v. Bennett,* 323 F.2d 607, 609 (7th Cir. 1963).

Plaintiffs properly move for a new trial on damages under Rule 60(b)(2). Plaintiffs have recently discovered the existence of the '251 Patent, after the allotted time allowed under Rule 59. Defendants' withholding of evidence of the '089 Patent Application prevented Plaintiffs from having knowledge of such application until it was issued on or about July 23, 2009. Because this application could not have been discoverable in time to move for a new trial under Rule 50, Plaintiffs acted diligently once these facts were discovered and move for a new trial under Rule 60(b)(2).

**B. William Gribble had Knowledge of the '881 Patent before the Commencement of this Suit.**

Knowledge, or the lack of knowledge regarding infringement, is essential to a damages award in a Patent case. Under the Marking Statute, no damages shall be recovered by the patentee in any action for infringement, *except* on proof that the infringer was *notified* of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. 35 U.S.C. § 287(a). In other words, a showing of knowledge on the part of the infringer waives the limitation of damages under the Marking Statute. Courts have also held that, in order to recover damages for patent infringement, a patentee bears the burden of pleading and proving either actual or constructive notice that the article is patented. *Maxwell v. J. Baker, Inc.,* 86 F.3d 1098, 1111 (Fed.Cir.1996) *cited in Syngenta Seeds, Inc. v. Delta Cotton Co-op,* 457 F.3d 1269 (C.A. Fed. 2006). The notice

6

requirement is outlined in both the statute and in the Federal Circuits.  The statute defines that a patentee is entitled to damages from the time "when it *either* began marking its product in compliance with Section 287(a) [constructive notice], or when it actually notified the [accused infringer] of its infringement, whichever was earlier."  *Maxwell* at 1111; *American Medical Sys., Inc. v. Medical Eng'g Corp.,* 6 F.3d 1523, 1537 (Fed Cir. 1993), *cert denied,* 511 US 1070 (1994).

There is no question that Mr. Gribble had knowledge of the '881 Patent prior to the commencement of this suit.  The issuance of the '089 Patent issued to Defendants, the application of which was originally filed on September 30, 2005 and re-filed on September 29, 2006, explicitly named the '881 Patent as prior art.  That means Mr. Gribble had actual knowledge of the subject patent and the Plaintiff's product at or near the time of the issuance of the patent.  However, Mr. Gribble still testified untruthfully under oath at trial that he had no knowledge of the '881 Patent until Plaintiffs filed and served their Complaint in June 2008.  Plaintiffs have met their burden of showing that Mr. Gribble had constructive and actual knowledge of the '881 Patent by using the Patented product in its '089 Patent application in 2005, as well as knowledge based on the Complaint that was filed in this action.  The existence of Mr. Gribble's knowledge not only precedes the filing of the Complaint in this action by almost six (6) months, but prevented Plaintiffs from obtaining a proper and fair damage award.

**C. William Gribble Committed Perjury and Prevented Plaintiffs from Obtaining a Fair Damage Award by Lying about his Knowledge of the '881 Patent.**

When awarding a new trial based on perjury, the Plaintiff bears the burden of putting forth "clear and convincing evidence" as to any alleged false testimony.  *See Riccuiti v. New York City Transit Auth,* 70 F.Supp.2d at 314 (S.D.N.Y.1999); *see also ICN Pharmaceuticals, Inc. v. Khan,* 2 F.3d 484, 493 (2d Cir.1993) ("Clear and convincing evidence" is required to support a

finding of "willfully false testimony"), *cited in Lorme v. Delta Air Lines, Inc.,* 2005 WL 1653871 (S.D.N.Y.,2005). Where the court or jury relies on the testimony in determining the outcome of the case, as in the instance of Mr. Gribble, it is proper for the court to grant a new trial on evidence of perjury. *See Johnson v. Offshore Exp.,* 845 F.2d 1347, 1359 (5th Cir. 1988) (finding no abuse of discretion in trial court's refusal to grant new trial on evidence of perjury where trial court stated when it denied the motion that it had *not* relied on the allegedly perjured testimony in reaching its decision).

Plaintiff has clear evidence of Bill Gribble's perjury, based on his testimony at trial, where he mentioned several times that he had no knowledge of the '881 Patent until Plaintiffs filed their Complaint in this Action.  Mr. Gribble's testimony was not only false, but was willful. Mr. Gribble's Patent application, filed in September 2005 as discussed above[2], specifically referenced the '881 patent.  With his knowledge of the '881 Patent, including knowledge of the alleged infringement, Mr. Gribble still willfully and untruthfully stated, several times, that he had *no* knowledge of such.

Plaintiff would have been able to discover these fallacious statements and impeach Mr. Gribble at trial had he produced the proper discovery as requested by Plaintiffs.  Despite Plaintiffs discovery attempts, Mr. Gribble failed to produce this '089 Patent application as relevant to this case as a competing Patent to the '881 Patent. Without the '089 Patent application as clear evidence of knowledge, Plaintiffs were forced to abandon their claim for intentional infringement based on the testimony of Mr. Gribble.  These acts by Mr. Gribble rise above a simple impeachment issue, and resulted in Plaintiffs reluctantly abandoning an essential knowledge element to their damages claim.  This willful and intentional false testimony and

---

[2] Section B, *Supra.*

withholding of relevant discovery evidence prejudiced Plaintiffs and allows the Court to properly grant Plaintiffs a new trial on damages.

> **D. A New Trial on Damages is Properly Awarded.**

The Plaintiffs respectfully request this Court to grant a new trial on damages only. The perjury of Mr. Gribble, Mr. Gribble's clear actual and constructive knowledge of the '881 Patent, and his withholding of relevant discovery prejudiced Plaintiffs and resulted in an insufficient damages award. The Ninth Circuit has also laid out a simple test for granting a new trial on damages under both rules:

> (1)    prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct, [and]

> (2)    establish that the conduct complained of prevented the "losing" party from fully and fairly presenting his case or defense

*Wharf v. Burlington Northern R.Co.,* 60 F.3d 631, 637 (9th Cir. 1995). In *Wharf,* the Plaintiff was entitled to a new trial on damages because Defendant and Defendants' counsel mislead the jury with false statements concerning *Wharf's* employment. *Id.* The Court in *Wharf* held that a new trial on damages was warranted, because, "if *Wharf* had known he had been fired, he could have asked for additional damages from the jury." *Id.* at 638. The *Wharf* case is much like the case at hand, in the fact that Mr. Gribble's false and misleading testimony rises above a simple impeachment issue and goes right to the damage award. Plaintiff's reduced damage award was a result of Mr. Gribble's false testimony and failure to produce adequate discovery. This prejudice is a proper foundation to award a new trial on damages so that Plaintiff may place all relevant evidence in front of the jury.

WHEREFORE, the Plaintiffs respectfully request that this Court to enter an Order granting the Plaintiffs a new trial on damages.

## GOOD FAITH CERTIFICATION

The undersigned has in good faith conferred with opposing counsel, who does not consent to the relief requested herein.

Respectfully submitted,

Law Offices of
**SANTUCCI, PRIORE & LONG, LLP**
*Attorneys for Plaintiffs*
200 South Andrews Avenue
Suite 100
Fort Lauderdale, Florida 33301
Telephone: (954) 351-7474
Facsimile:  (954) 351-7475

By:  s/S. Tracy Long
     S. Tracy Long, Esquire
     Florida Bar Number: 0843008
     stl@spl-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 21st day of October, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:      s/S. Tracy Long
         S. Tracy Long, Esq.

## SERVICE LIST
**FLEXITEEK AMERICAS, INC.** *et al. v.* **PLASTEAK, INC.** *et al.*
**Case No.: 08-CV-60996 Cohn-Seltzer**
**United States District Court, Southern District of Florida**

Douglas de Almeida
douglas_dealmeida@fl-attys.com
CAMILLO, SNOWDEN & DE ALMEDIA, P.A.
221 West Oakland Park Boulevard
Fort Lauderdale, Florida 33311
Phone: 305.565.3398
Fax: 305.565.3556
Attorney for Defendants
PlasTEAK, PlasDECK, and Andre Batista
Service via ECF


Bruce H. Wilson
BruceWilsonEsq@aol.com
789 West Market Street
Akron, Ohio 44303
Phone: 330.253.8300
Attorney for Defendants
PlasTEAK, PlasDECK, and Andre Batista
Service via ECF