UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60996-CIV-COHN/SELTZER

FLEXITEEK AMERICAS, INC.,
et al.,

        Plaintiffs,

v.

PLASTEAK, INC., et al.,

        Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL ON DAMAGES

**THIS CAUSE** is before the Court on Plaintiffs' Motion for New Trial on Damages [DE 185]. The Court has considered the Motion, Defendants' Response [DE 201], Plaintiffs' Reply [DE 205], the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

This action was based on Plaintiffs' claim that Defendants sold or installed products that infringe on US Patent No. 6,895,881 ("the '881 Patent"). The subject matter of the '881 Patent is a synthetic teak decking product that is often used with marine vessels. The Plaintiffs consist of Flexiteek International AS ("Flexiteek International") and Flexiteek Americas, Inc. ("Flexiteek"), which is the United States subsidiary of Flexiteek International that markets, sells and distributes the products embodied by the '881 Patent in the United States. Defendants PlasTEAK, Inc. and PlasDECK, Inc. are Ohio corporations which are also in the business of distributing a composite material resembling teak wood for use on boats.

The Court held a jury trial in this case on June 15 through June 19, 2009. On June 19, 2009, the jury returned a verdict finding that Defendants' products literally infringe on '881 Patent.[1] The jury awarded Plaintiffs $79,632.00 to be paid by Defendant PlasDECK, Inc. On July 6, 2009, the Court entered a Final Judgment, which was dated July 3, 2009.

On October 21, 2009, Plaintiffs filed the instant Motion seeking a new trial on damages pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure on the basis of "newly discovered evidence." On December 2, 2009, after obtaining the trial transcripts, Defendants filed their Response. Defendants argue that Plaintiffs' Motion misrepresents the law and the record and thus fails to satisfy Rule 60(b)(2).

## II. ANALYSIS

Rule 60(b)(2) provides that "the court may relieve a party or its legal representative from a final judgment" based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "[R]elief under 60(b)(2) based on newly discovered evidence requires all of the following: (1) the evidence must be newly discovered since the [final] judgment order; (2) the movant must have exercised due diligence in discovering the new evidence; (3) the evidence cannot be merely cumulative or impeaching; (4) the evidence must be material; and (5) the new evidence

---

[1] On June 19, 2009, the Court conducted a bench trial on the Defendants' affirmative defense that the '881 Patent was invalid due to inequitable conduct on the part of Plaintiffs. The Court entered an order on July 3, 2009 holding that Plaintiffs failed to disclose material information to the United States Patent and Trademark Office ("PTO"), but Defendants failed to carry their burden to show Plaintiffs possessed an intent to deceive.

2

must be such that it would produce a different outcome in the underlying action." Williams v. N. Fla. Reg'l Med. Ctr., Inc., 164 Fed. App'x 896, 898-899 (11th Cir. 2006) (citing Waddell v. Hemerson, 329 F.3d 1300, 1309 (11th Cir. 2003)).

Plaintiffs assert that on or about July 23, 2009, the PTO published a patent application by William R. Gribble, who is the president of the Defendant corporations. According to Plaintiffs, this patent application demonstrates that Mr. Gribble was aware of the '881 Patent six months prior to the filing to the Complaint in this action. "However, on direct questioning during the time of trial, Mr. Gribble testified on more than one occasion that he did not know of the existence of the '881 Patent until Plaintiffs filed and served their Complaint in June 2008." DE 185 at 2. Plaintiffs argue that Mr. Gribble's testimony had a "profound impact on the damages" awarded to the Plaintiffs as "damages were limited to those incurred after this action was filed." Id. at 2-3.

1.   **Notice of Infringement**

Plaintiffs claim that Mr. Gribble's knowledge of the '881 Patent, prior to the filing of the Complaint, warrants a new trial because "[t]he actual knowledge of the infringer of the existence of the patent in connection with the product waives the necessity of marking the products, and the patent [holder] is able to make a claim for past damages dating from the date of actual knowledge." DE 185 at 3. As Defendants correctly and succinctly state, "[t]his is not the law." DE 201 at 3.

It is undisputed that Plaintiffs did not mark their products. The Patent Act provides the following limitation on damages in such cases:

> [N]o damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a). "For purposes of section 287(a), notice must be of 'the infringement,' not merely notice of the patent's existence or ownership. Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." Amsted Indus. v. Buckeye Steel Castings Co., 24 F.3d 178, 187 (Fed. Cir. 1994). Therefore, "[t]he correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer." Id.; accord Devices for Medicine, Inc. v. Boehl, 822 F.2d 1062, 1066 (Fed. Cir. 1987) ("Absent notice, [a defendant's] 'knowledge of the patents' is irrelevant."). Therefore, the Court rejects Plaintiffs' claim that Mr. Gribble's knowledge of the '881 Patent prior to the filing of the Complaint establishes a basis for a new trial regarding damages.

In their Reply, "Plaintiffs take the position that the Defendants have expressly waived strict adherence to Section 287, thereby allowing the Plaintiffs to make a claim for lost profits prior to the date of filing the infringement complaint, by failing to plead Section 287 as an Affirmative Defense." DE 205 at 4 (citing United States Printing Co. v. American Playing-Card Co., 70 F. 50, 53 (W.D. Mich. 1895); Anderson v. Saint, 46 F. 760, 765 (W.D. Pa. 1891); Goodyear v. Allyn, 6 Blatchf. 33, 10 F. Case 629, 630 (S.D.N.Y. 1868); Rubber Company v. Goodyear, 76 U.S. 788, 801 (1869)). It is no surprise that Plaintiffs had to reach back to the nineteenth century to find authority to support an assertion of law that has since been squarely rejected. The Federal Circuit

has "determined that the marking and notice statute, 35 U.S.C. § 287, 'was <u>not</u> a statutory <u>defense</u> to an action for infringement; it was a limitation on damages.'" <u>Bradford Co. v. Jefferson Smurfit Corp.</u>, 2001 U.S. App. LEXIS 25205, at *26 (Fed. Cir. Oct. 30, 2001) (quoting <u>Motorola, Inc. v. United States</u>, 729 F.2d 765, 769 (Fed. Cir. 1984) (emphasis in original)).  In <u>Bradford</u>, the Federal Circuit reasoned that § 286 is a limitation on damages, similar to § 287.  The court therefore determined that § 286, like § 287, is not a defense and held "that [defendant] did not have to plead the damages limitation under section 286 as an affirmative defense." <u>Bradford</u>, 2001 U.S. App. LEXIS 25205, at *21.  Accordingly, the limitation on damages contained in § 287 is not waived if it is not raised as an affirmative defense.  <u>See</u> <u>Bradford</u>, 2001 U.S. App. LEXIS 25205, at *26-27; <u>see also</u> <u>Barry Fiala, Inc. v. Stored Value Sys.</u>, 2006 U.S. Dist. LEXIS 63056 (W.D. Tenn. Sept. 1, 2006) (finding that plaintiff bears the burden of proving the requirements of 35 U.S.C. § 287); <u>Cybiotronics, Ltd. v. Golden Source Electronics Ltd.</u>, 130 F. Supp. 2d 1152, 1159 (C.D. Cal. 2001) ("the burden of pleading and proving notice lies with the patentee or owner of the patent"); <u>Keystone Retaining Wall Sys. v. Rockwood Retaining Wall, Inc.</u>, 2001 U.S. Dist. LEXIS 26272 (D. Minn. Oct. 9, 2001) (holding that § 287's requirements are not waived due to a defendant's failure to raise § 287).

### 2. Impeachment is Insufficient

Plaintiffs' request for a new trial is premised on the assertion that Mr. Gribble falsely testified at trial "that he had no knowledge of the '881 Patent until Plaintiffs filed their Complaint in this action." DE 185 at 8.  Plaintiffs' initial moving papers do not cite to or provide any excerpts from the trial transcript to support this assertion.  In the

Response, Defendants quote the following exchange from the trial transcript regarding Mr. Gribble's attempt to produce a "peel and stick product" in 2005 through 2007:

> Q. Let me ask you this, Mr. Gribble. During this entire back and forth process with your extruder, were you aware of the '881 Patent?
>
> A. Yes.

DE 201 at 5. In Reply, Plaintiffs argue that Mr. Gribble's testimony referred to "the New Zealand Patent and the '881 Patent interchangeably" and "[a]t best, the record is unclear as to which Patent Defendants' counsel was referring when he was examining Gribble on the stand." DE 205 at 5. Nevertheless, Plaintiffs do not set forth sufficient grounds to warrant a new trial.

Plaintiffs argue that Mr. Gribble's "non-disclosure . . . prevented the Plaintiffs from cross-examining and impeaching Mr. Gribble on his actual knowledge of the '881 Patent." DE 185 at 4. Even assuming the foregoing statement as true, Plaintiffs fail to meet their burden under Rule 60(b)(2). As discussed above, "the evidence cannot be merely cumulative or impeaching." Williams, 164 Fed. App'x at 898-899. Mr. Gribble maintained that his products did not infringe on the '881 Patent even after he was served with the Complaint and throughout the entire litigation. Plaintiffs present no valid reason to equate knowledge of the '881 Patent with notice of infringement. As such, Plaintiffs' Motion does not present any newly discovered evidence to establish "that the infringer was notified of the infringement and continued to infringe thereafter" prior to the filing of the Complaint. 35 U.S.C. § 287(a). Thus, Plaintiffs' Motion must be

denied.[2]

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for New Trial on Damages [DE 185] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 20th day of February, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

---

[2]   Plaintiffs' Motion also fails because it is untimely. Pursuant to Rule 59(b), a motion for a new trial must be filed within "10 days after entry of judgment." Fed. R. Civ. P. 59(b). The Final Judgment in this case was entered on July 6, 2009. Therefore, the deadline to move for a new trial, including three days for mailing pursuant to the local rules, was July 23, 2009. Plaintiffs' Motion, however, was filed on October 21, 2009. Plaintiffs argue that their Motion should be considered timely because "Defendants' withholding of evidence of the '089 Patent Application prevented Plaintiffs from having such knowledge of such application until it was issued on or about July 23, 2009." DE 185 at 6. Defendants, however, cite a portion of the trial transcript wherein Mr. Gribble was asked "have you filed your own patent application on the improvement," to which he answered "[y]es sir." DE 201 at 8. Plaintiffs' counsel objected to any further inquiry on the basis of relevance. Accordingly, Plaintiffs had knowledge that Mr. Gribble had filed a patent application during the trial. While it appears that Defendants should have disclosed this information in discovery, the Court finds that if Plaintiffs acted "with reasonable diligence" after the trial, which concluded on June 19, 2009, the instant Motion could have been filed on or before July 23, 2009. In any event, the Motion fails on the merits.