UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 08-60996-CIV-COHN SELTZER

FLEXITEEK AMERICAS, INC., a Florida
corporation, FLEXITEEK INTERNATIONAL
AS, a Foreign corporation,

                          Plaintiffs,

vs.

PLASTEAK,  INC.,  an  Ohio  corporation,
PLASDECK, INC., an Ohio corporation, and
ANDRE BATSITA, an individual,

                          Defendants.

_____/

## PLAINTIFFS' MOTION TO LIFT STAY

The Plaintiffs, FLEXITEEK AMERICAS, INC. a Florida corporation ("FAI") and

FLEXITEEK INTERNATIONAL AS, a foreign corporation ("FAIS"), by and through their

undersigned counsel hereby moves this Court to lift the stay and enforce final judgment pursuant

to this Court's Order [DE-231] and as grounds therefore would show:

### FACTS

1.      This action is founded on a patent infringement claim on the premises that

Defendants sold products which infringe on Plaintiff's US Patent No. 6,895,881 ('881 Patent).

2.      Plaintiffs secured summary judgment in their favor on the issues of anticipation

and obviousness.

3.      The Court held a jury trial on the infringement issue from June 15- June 19, 2009.

The jury returned a verdict in favor of Plaintiffs, finding that Defendants' products literally

infringed on the '881 Patent, and awarded the Plaintiffs $79,632.00 in damages.

4.      On June 19, 2009, the Court conducted a bench trial on Defendants' affirmative defenses of invalidity due to inequitable conduct by Plaintiffs. The Court held that Plaintiffs failed to disclose material information to the USPTO, but that Defendants failed to carry their high burden. Final Judgment was entered on July 6, 2009.

5.      The Defendants then filed a Notice of Appeal regarding these, and other rulings.

6.      The Defendants also filed an Ex Parte Petition for Re-Examination with the United States Patent and Trademark Office ("USPTO").

7.      Lastly, the Defendants filed an Amended Motion for Protective Order, Stay of Execution of Judgment and Termination of Permanent Injunction. [DE-221].

8.      On or about July 20, 2010, the District Court entered an Order Staying Execution of Judgment and Post-Judgment and Terminating Permanent Injunction. [DE-231]. The District Court found that the USPTO, specifically its non-final advisory ruling, controlled and directly affects the Permanent Injunction. [DE-231: Page 9-10]. Accordingly, the District Court terminated the permanent injunction, noting that there were no constitutional concerns because the Defendants' Motion focused only on the injunction portion of the Court's rulings. [*Id*].

9.      The District Court also stayed all post-judgment discovery in this matter pending the appeal filed by the Defendants. [DE-231; Page 12]. The District Court ruled that once the Federal Circuit ruled on the pending appeal, the Plaintiffs can file a Motion to lift the stay imposed by the Order. [*Id*].

10.     On or about November 2, 2010, the Federal Circuit issued a Mandate affirming each and every one of the District Court's findings and rulings, *Per Curium*.

11.     The Plaintiffs have conducted a Good Faith Conference pursuant to Rule 7.1 – Local Rules for the Southern District of Florida in an attempt to resolve this motion but could not reach any agreement thereupon.  The Defendants oppose the foregoing Motion to Lift Stay.

WHEREFORE, the Plaintiff respectfully request this Court enter and Order Lifting the Stay in this matter, and allowing the Plaintiffs to proceed with post-judgment discovery, collection of the judgment, and such further matters which are appropriate.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO LIFT STAY

### A. The Permanent Injunction

The Permanent Injunction in this case was entered on February 5, 2010 enjoining Defendants from producing or selling any products that infringe on the '881 Patent. [DE-212]. Paragraph three (3) of the Injunction states that "this court shall have jurisdiction to interpret and enforce the terms of the Permanent Injunction and to determine any issues which may arise concerning this Permanent Injunction." [DE-212, Pg. 2].

In light of the Per Curiam decision by the Federal Circuit, Plaintiffs intend to renew their motion for permanent injunction. While Plaintiffs acknowledge that the USPTO is still undergoing reexamination of the '881 Patent, this Court should place significant weight on the Federal Circuit's decision and reenter the Permanent Injunction until the USPTO renders its decision. *See Standard Havens Products, Inc. v. Gencor Industries Inc.*, 810 F. Supp 1072, 1075-76 (W.D. Mo. 1993), *rev'd & remanded*, 996 F.2d 1236, 37 (Fed. Cir. 1993). The Federal Circuit's opinion is further evidence of the infringing nature of the products that are being sold by Defendant. Until the Injunction is enforced, Plaintiffs are continually prejudiced by Defendants' sales of these infringing products in the market.

**B.  The Stay of Execution Should be Properly Lifted
Following the Federal Circuit Decision**

Shortly after the permanent injunction was entered, the Defendants filed their Motion for

Protective Order and Stay of Execution of Judgment and for Termination of Permanent

Injunction [DE-213]. This Court, in its Order dated July 20, 2010, [DE-231], ordered that it was

prudent for the Court to stay all post-judgment discovery related to execution of the judgment.

Further, this Court stated that, "Once the Federal Circuit rules on the pending appeal,

Plaintiffs may (1) renew their motions for fees and costs by filing a memorandum of law

discussing how the Federal Circuits decision impacts the analysis of the "prevailing party" in this

matter, and (2) seek to lift the stay imposed by this Order." [DE-231, pg. 12].

Due to Defendants' Appeal, Plaintiffs-Appellees have been unable to serve any discovery

in aid of execution in attempts to move forward on the judgment that was entered in July of

2009.  Due to the recent *Per Curiam* opinion affirming the Judgment of this Court, Plaintiffs

move to lift the stay of execution imposed by this Court and to execute on the Final Judgment.

**CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request this Court to:

1) Renew the Permanent Injunction, and

2) Lift the stay of execution of the Final Judgment after the decision of the Federal

Circuit.

Respectfully submitted,

Law offices of **S. TRACY LONG, PA**
*Attorneys for Plaintiffs*
600 Hillsboro Blvd, Suite 102
Deerfield Beach, Florida 33441
Telephone: (954) 247-8180
Facsimile: (954) 206-8068

By: s/S. Tracy Long_____
S. Tracy Long, Esquire
Florida Bar Number: 0843008
stl@cloudlegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 21st day of January, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:      s/S. Tracy Long_____
S. Tracy Long, Esq.

**SERVICE LIST**
**FLEXITEEK AMERICAS, INC.** *et al. v.* **PLASTEAK, INC.** *et al.*
**Case No.: 08-CV-60996 Cohn-Seltzer**
**United States District Court, Southern District of Florida**

John M. Camillo, Esq.
Fla. Bar No.: 356263
John_Camillo@fl-attys.com
CAMILLO & SNOWDEN
221 West Oakland Park Boulevard
Fort Lauderdale, Florida 33311
Phone: 305.565.3398
Fax: 305.565.3556
Attorney for Defendants
PlasTEAK, PlasDECK, and Andre Batista
Service via ECF


Bruce H. Wilson
BruceWilsonEsq@aol.com
789 West Market Street
Akron, Ohio 44303
Phone: 330.253.8300
Attorney for Defendants
PlasTEAK, PlasDECK, and Andre Batista
Service via ECF