UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60996-CIV-COHN/SELTZER

FLEXITEEK AMERICAS, INC.,
et al.,

    Plaintiffs,

v.

PLASTEAK, INC., et al.,

    Defendants.
_____/

**ORDER ADOPTING AND SUPPLEMENTING
REPORT AND RECOMMENDATION[1]**

**THIS CAUSE** is before the Court on the Report and Recommendation [DE 297] ("Report") of Chief United States Magistrate Judge Barry S. Seltzer, concerning Defendants PlasTEAK, Inc., and PlasDECK, Inc.'s Renewed Motion for Relief from Judgment [DE 287] ("Motion"). The Court has reviewed the record, the Motion, the Report, Plaintiffs' Objections [DE 301], and Defendants' Response to Plaintiffs' Objections [DE 304], and is otherwise fully advised in the premises.

**I. BACKGROUND**

The procedural history of this case is complicated, and the Court adopts Judge Seltzer's recitation thereof. See Report at 2-11. However, it is useful to review some of the more important procedural events.

On December 18, 2001, Plaintiff Flexiteek International AS filed a United States patent application with the Patent and Trademark Office ("PTO"), and on May 25, 2005,

---

[1] The Court supplements the Report and Recommendation to address the issue of whether Plaintiffs are entitled to a Markman hearing.

the application issued as U.S. Patent 6,895,881 ("the '881 patent").  See DE 155 at 6-8.  The '881 patent, contained a single claim ("Claim 1").  Five weeks prior to issuance of the '881 patent, however, the Intellectual Property Office of New Zealand ("IPONZ") revoked Flexiteek International AS's New Zealand patent, which mirrored the '881 patent.  In cancelling the New Zealand Patent, IPONZ cited "prior publication" based on the prior art of another inventor.  See DE 49 at 7.

On June 30, 2008, Plaintiffs Flexiteek Americas, Inc., and Flexiteek International AS ("Plaintiffs") brought this action against Defendants PlasTEAK, Inc., and PlasDECK, Inc. ("Defendants"), alleging infringement of the '881 patent.  In Defendants' Answer and Affirmative Defenses, they raised a defense of "anticipation," which is the United States equivalent of New Zealand's "prior publication."  See DE 8 at 5; Report at 2.  In January 2009, during pretrial discovery, Defendants submitted an interrogatory to Plaintiffs, asking Plaintiffs to "[i]dentify each patent application filed in a foreign country which corresponds to the '881 patent," to "state the current status of the application or patent," and to "identify all art cited by the foreign patent office."  See DE 29 at 9.  While Plaintiffs identified the New Zealand patent and that it had been revoked, they stated that they were "without knowledge" of any art cited by the New Zealand office.  See id. at 10.

Then, on February 23, 2009, in a separate, unrelated action, Flexiteek International AS v. Nuteak Decking, Inc., Case No. 08-60995-CIV-Dimitrouleas/Snow (S.D. Fla. filed June 30, 2008) ("Nuteak case"), a party filed a document alerting Defendants in the present action to the prior art cited in the IPONZ decision.  See Nuteak Case, DE 33-2 at 9-11.  On March 30, 2009, Defendants supplemented

their initial discovery disclosures to indicate that they would be relying on the Nuteak case document in the instant case.  See DE 37; DE 52-14 at 3.  On June 5, 2009, the Court granted Plaintiffs' Motion for Summary Judgment on the anticipation defense. See DE 112 at 4-6.  After a jury trial, the Court entered Final Judgment for Plaintiffs on July 3, 2009.  See DE 158.

On July 20, 2009, Defendants filed a Request for Reexamination of the '881 patent with PTO.  See DE 278-1.  Eleven days later, Defendants appealed the Final Judgment to the Federal Circuit.  See DE 163.  On January 29, 2010, PTO found in favor of Defendants, rejecting Claim 1 of the '881 patent on the grounds of anticipation and obviousness.  See DE 227-1 at 12.  PTO's decision was affirmed by the Board of Patent Appeals and Interferences on July 27, 2011.  See DE 228-1.  However, at the reexamination hearing, Plaintiffs also presented new claims on the patent by amending and clarifying the language of Claim 1.  The reexamined claims, including Claim 2, were found to be patentable.  See DE 288-3 at 2.  On January 6, 2012, Defendants filed a Motion for Relief from Judgment, which, after it was denied for administrative purposes, they renewed on May 29, 2012.  See DE 279, DE 281, DE 287.  The Renewed Motion for Relief from Judgment is the Motion presently before the Court.

Judge Seltzer recommends granting the Motion on two independent grounds. First, he finds that "under Federal Rule of Civil Procedure 60(b)(5) and (6) it would be unequitable and unjust to . . . enforce [] an injunction and an unexecuted money judgment predicated on a patent claim found to be invalid and cancelled." See Report at 21.  Second, he concludes that Plaintiffs' failure to disclose to PTO material prior art of which it was aware violated its legal duty of candor, and provides an additional

reason to grant Rule 60(b)(6) relief.  See Report at 25-26.  Plaintiffs object to the Report, primarily regarding the first of Judge Seltzer's grounds. Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the portions of the report to which Plaintiff objects.  As explained below, the Court agrees with Judge Seltzer's analysis, and adopts the Report in full.

## II. ANALYSIS

Plaintiffs raise four objections.  First, they argue that the '881 patent was not declared void *ab initio* because Claim 1 is still valid.  They reason that Claim 1 necessarily survives because it is included by reference in dependent Claim 2, which was deemed patentable.  However, a dependent claim may survive without the underlying base claim.  See MPEP § 2260.01 ("If an unamended base claim has been rejected or canceled, any claim which is directly or indirectly dependent thereon should be confirmed or allowed if the dependent claim is otherwise allowable.").  In this case, Claim 1 — the claim which Defendants were found to have infringed in the present action — was cancelled, and subsequent dependent claims were unaffected. Furthermore, the Court agrees with Judge Seltzer that Plaintiffs' patent is enforceable only as of the date that the dependent claims were found patentable.  See Abbey v. Bill Ussery Motors, Inc., 74 F. Supp. 2d 1217, 1221 (S.D. Fla. 1999) (holding that a claim which had previously been rejected by PTO, but was later successfully amended, was

enforceable only as of the date of amendment).[2]  Therefore, Plaintiffs' Claim 1 was unenforceable, and the current Final Judgment — based on Defendants' infringement of Claim 1 — should be vacated.

Second, Plaintiffs argue that Claim 1 is substantially identical to Claim 2. Therefore, because Claim 2 survives, they contend that Claim 1's invalidation does not represent a material change in circumstances that should affect the Final Judgment. Plaintiffs base their argument on 35 U.S.C. § 252, which provides that "the reissued patent, to the extent that its claims are substantially identical with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent."  An amended claim is "substantially identical" to the original claim if it has the same scope as the original claim.  See Laitram Corp. v. NEC Corp., 163 F.3d 1342, 1346 (Fed. Cir. 1998).  Here, as Judge Seltzer points out, "Claim 2 was found patentable [by PTO] precisely because it materially altered the scope of Claim 1." Report at 30.  Claim 1 was found unpatentable in light of prior art.  If the scope of Claim 2 were identical to that of Claim 1, it too would have been invalid.  See Abbey, 74 F. Supp. 2d at 1220-21.  Accordingly, because Plaintiffs narrowed the scope of their claim, the Court concludes that Claim 1 is not substantially identical to Claim 2.

Third, Plaintiffs contend that Defendants failed to diligently pursue their defense, and that under Amado v. Microsoft, 517 F.3d 1353, 1363 (Fed. Cir. 2008), Defendants

---

[2] The Court accepts Plaintiffs' contention that amendment of a claim or the filing of a separate, dependent claim are but two routes to the same result. See Objections at 2, 4; MPEP §§ 2250(I)(B), 2250(IV), 2260.01.  Accordingly, the Court concurs with Judge Seltzer that case law that deals with amended claims is applicable in the present case where Plaintiffs filed dependent claims.

should be denied Rule 60(b) relief.  In Amado, the Federal Circuit approved a district court's denial of Rule 60(b) relief because "although [the movant] was aware of the prior art upon which its reexamination petition was based well before trial, it failed to file the reexamination petition until after the unfavorable judgment was entered."  Id.  The prior art at issue in Amado was cited in the subject patent and mentioned in the complaint.  See Amado v. Microsoft Corp., Case No. SA-CV-03-242, 2007 U.S. Dist. LEXIS 96487, at *25 (C.D. Cal. Mar. 13, 2007).  By contrast, in this case, Plaintiffs specifically disclaimed knowledge of any prior art, and Defendants only learned of the prior art through the filings of another party in an unrelated suit to which Defendants were not a party.  Defendants then acted promptly, informing the Court of their intention to rely on those documents within five weeks of the documents' filing.  At that point, it was only two and a half months before trial.  Because of Plaintiffs' dissembling, Defendants had limited time to act, but they acted diligently.  Accordingly, the Court concurs with Judge Seltzer's finding that Defendants were not sitting on their reexamination rights awaiting trial.

      Fourth, Plaintiffs argue that they were denied due process because they were not afforded a Markman hearing at which they could present evidence demonstrating that Claims 1 and 2 are substantially identical.  Under Markman v. Westview Instruments, 116 S. Ct. 1384, 1387 (1996), claim construction is properly within the province of the court.  Courts may hold so-called Markman hearings to make a claim-construction determination prior to a jury trial on infringement.  See, e.g., Alps S., LLC, v. Ohio Willow Wood Co., Case No. 8:09-cv-386-T-17MAP, 2011 U.S. Dist. LEXIS 8548 (M.D. Fla. Jan. 28, 2011).  Here, the parties were granted a Markman hearing to

determine the scope of Claim 1 on June 4, 2009. See DE 114. After the hearing, the Court issued a Claim Construction Order [DE 127]. Plaintiffs argue that Claim 1, as interpreted in the Claim Construction Order, is substantially identical to Claim 2, but Plaintiffs fail to present any new arguments related to the construction of Claim 1. For the reasons stated above, the Court finds that the two claims are not substantially identical, and sees no reason to grant a second Markman hearing in this case.

## III. CONCLUSION

For the reasons stated herein as well as in the Report, the Court concludes that Defendants are entitled to Rule 60(b) relief. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [DE 297] is **ADOPTED**;

2. Defendants' Renewed Motion for Relief from Judgment [DE 287] is **GRANTED**;

3. The Permanent Injunction [DE 212] and Final Judgment [DE 158] are **VACATED**;

4. The following orders are also **VACATED**:

    a. Order Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment [DE 112];

    b. Order Denying Defendants' Renewed Motion to Dismiss [DE 126];

    c. Claim Construction Order [DE 127];

    d. Order Denying Defendants' Motion to Reconsider, Alter, or Amend [DE 152];

    e. Findings of Fact and Conclusions of Law re: Defendants' Affirmative Defense of Inequitable Conduct [DE 155];

    f. Corrected Order Denying Defendants' Motion to Reconsider, Alter, or

Case 0:08-cv-60996-JIC   Document 308   Entered on FLSD Docket 10/31/2012   Page 7 of 8

determine the scope of Claim 1 on June 4, 2009. See DE 114. After the hearing, the Court issued a Claim Construction Order [DE 127]. Plaintiffs argue that Claim 1, as interpreted in the Claim Construction Order, is substantially identical to Claim 2, but Plaintiffs fail to present any new arguments related to the construction of Claim 1. For the reasons stated above, the Court finds that the two claims are not substantially identical, and sees no reason to grant a second Markman hearing in this case.

## III. CONCLUSION

For the reasons stated herein as well as in the Report, the Court concludes that Defendants are entitled to Rule 60(b) relief. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [DE 297] is **ADOPTED**;

2. Defendants' Renewed Motion for Relief from Judgment [DE 287] is **GRANTED**;

3. The Permanent Injunction [DE 212] and Final Judgment [DE 158] are **VACATED**;

4. The following orders are also **VACATED**:

    a. Order Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment [DE 112];

    b. Order Denying Defendants' Renewed Motion to Dismiss [DE 126];

    c. Claim Construction Order [DE 127];

    d. Order Denying Defendants' Motion to Reconsider, Alter, or Amend [DE 152];

    e. Findings of Fact and Conclusions of Law re: Defendants' Affirmative Defense of Inequitable Conduct [DE 155];

    f. Corrected Order Denying Defendants' Motion to Reconsider, Alter, or

       Amend [DE 156];

   g.   Omnibus Order on Motion for Judgment as a Mater of Law, Order on Motion for New Trial, Order on Motion to Amend/Correct, Order on Motion to Alter Judgment [DE 174]; and

5.   The above-captioned case is **DISMISSED with prejudice.**

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 31st day of October, 2012.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF