UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60996-CIV-COHN/SELTZER

FLEXITEEK AMERICAS, INC.,
et al.,

      Plaintiffs,

v.

PLASTEAK, INC., et al.,

      Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR COSTS

**THIS CAUSE** is before the Court upon Defendants' Bill of Costs [DE 319].  The Court has considered the Bill of Costs, Defendants' Memorandum in Support [DE 319-2], Plaintiffs' Response [DE 321], Defendants' Reply [DE 324], the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On June 30, 2008, Plaintiffs Flexiteek Americas, Inc., and Flexiteek International AS ("Plaintiffs") brought this action against Defendants PlasTEAK, Inc., and PlasDECK, Inc. ("Defendants"), alleging patent infringement.  In June 2009, the case went to trial.  After a jury entered a verdict for Plaintiffs, the Court entered a Final Judgment [DE 158] for Plaintiffs on July 3, 2009.   However, on May 29, 2012, Defendants brought a Renewed Motion for Relief from Judgment [DE 287].  On October 31, 2012, the Court granted Defendants' motion, and dismissed the case with prejudice.  See DE 308.  Then, on February 11, 2013, the Court denied Defendants' motion for attorney fees,

finding that, while this case is 'exceptional' under 35 U.S.C. § 285, the Court in its

discretion would decline to award fees to Defendants.  DE 328 at 13-17.  Meanwhile, on

November 30, 2012, Defendants filed their Bill of Costs, requesting that the Clerk tax

certain costs against Plaintiffs.  Plaintiffs oppose the awarding of costs.

## II. DISCUSSION

A court may only tax costs as authorized by statute.  See Mathews v. Crosby,

480 F.3d 1265, 1276 (11th Cir. 2007).  Defendants seek costs pursuant to Federal Rule

of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.  Rule 54 states that costs "shall be

allowed as of course to the prevailing party unless the court otherwise directs . . . ."

Fed. R. Civ. P. 54(d)(1).  Section 1920 provides that a court may tax as costs the

following specified items:

> (1)    Fees of the clerk and marshal;
>
> (2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3)    Fees and disbursements for printing and witnesses;
>
> (4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5)    Docket fees under section 1923 of this title;
>
> (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  The presumption is in favor of awarding costs.  Manor Healthcare

Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).  As such, "[w]hen challenging

whether costs are properly taxable, the burden lies with the losing party, unless the

knowledge regarding the proposed cost is a matter within the exclusive knowledge of

2

the prevailing party." <u>Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.</u>,

385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).

Defendants' Bill of Costs requests that the Clerk tax the following costs against

Plaintiff:

| | |
|---|---|
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ............... | $ 11, 719.24 |
| Fees for witnesses ............. ...................................................... | $ 309.45 |
| TOTAL: | $ 12,344.24 |

In support of their request, Defendants submit itemized bills for each entry.

<u>See</u> DE 319-1.  However, in their Reply, Defendants concede that if the Court does not

deem this case exceptional under § 285, they would agree to a limitation of costs as

follows:

| | |
|---|---|
| Witness Fee for C.K. Rhee ........................................................ | $ 40.00 |
| Deposition of Andre Batista ....................................................... (one copy of transcript) | $ 182.70 |
| Deposition of C.K. Rhee ........................................................... (one videotaped copy) | $ 52.50 |
| Deposition of C.K. Rhee ........................................................... (one copy of transcript) | $ 308.05 |
| Depositions of Sabiha Mantalban and Svein Abrahamsen ........ (one copy of transcript of each witness) | $461.70 |
| Depositions of Sabiha Mantalban and Svein Abrahamsen ........ (expedited shipping costs) | $508.44 |
| Transcript of bench trial testimony of Svein Abrahamsen .......... | $ 699.30 |
| Transcript of hearing on 6/4/09 and bench trial on 6/15/09 - 6/19/09 ................................................................. | $ 4,401.90 |

TOTAL:        $ 6,654.59

DE 324 at 3-4.

In their Response, Plaintiffs raise three objections to awarding costs.  First, they contend that the Court cannot award Defendants costs under Rule 54 because Defendants do not qualify as a 'prevailing party.'  Second, Plaintiffs argue that, even if Defendants are a prevailing party, they should only be entitled to recover costs associated with their Renewed Motion for Relief from Judgment.  Third, and in the alternative, Plaintiffs object to specific items in the Bill of Costs.  The Court will address each of these arguments in turn.

## A. Defendants are the 'prevailing parties.'

Pursuant to Rule 54(d)(1), "costs . . . should be allowed to the prevailing party." Plaintiffs contend that a party cannot be a 'prevailing party' under Rule 54 where there are claims in the case yet to be resolved.  DE 321 at 4 (citing Stickle v. Heublein, 716 F.2d 1550, 1564 (Fed. Cir 1983); Virginia Panel Corp. v. Mac Panel Co., 887 F. Supp. 880, 886 (W.D. Va. 1995); and Inglett & Corley, Inc. v. Baugh & Sons, Co., 159 F. Supp. 583, 589 (E.D. Va. 1958)).  Plaintiffs assert that Defendants are not prevailing parties because the same allegations litigated in this case are now being litigated in another case, Flexiteek Americas, Inc., et al. v. Plasteak, Inc., et al., No. 12-60215-CIV-SEITZ/SIMONTON (S.D. Fla. filed Feb. 6, 2012).  The Court disagrees.  First, the Court finds that none of the cases to which Plaintiffs cite are apposite to this action.  In Inglett, the court concluded that defendants were the prevailing parties, but declined to award fees or costs because defendants had engaged in litigation misconduct.  There were no claims yet to be resolved, and so Inglett simply does not stand for the proposition for

4

which Plaintiffs assert it.  In Stickle, the court found that the plaintiffs were not prevailing

parties on a counterclaim because that counterclaim was being remanded for trial.

Stickle, 716 F.2d at 1564.  Similarly, in Virginia Panel Corp., the court explained that the

case was being tried in two phases.  At the time that the bill of costs was filed in that

case, only the first phase had been tried.  Virginia Panel Corp., 887 F. Supp. at 883.

The court explained that the resolution of the second half of the case could affect who

qualified as a prevailing party, and therefore the bill of costs was premature.  Id. at 886.

Therefore, in Stickle and Virginia Panel Corp., there was a live claim remaining before

the court.  In this case, on the other hand, all of the parties' claims have been dismissed

with prejudice.  See DE 308.  Further, as Plaintiffs concede, the parties' case before

Judge Seitz only involves the reexamined claims of Plaintiffs' patent, which were not the

subject of this suit.  Accordingly, the Court finds that Defendants are prevailing parties

for purposes of Rule 54.

## B. Defendants prevailed on all aspects of this suit.

Next, in the alternative, Plaintiffs assert that Defendants only prevailed when the

Court granted their Renewed Motion for Relief from Judgment, and not on an

affirmative order finding that they did not infringe Plaintiffs' patent.  They assert that

"'the amount of fees awarded to the 'prevailing party' should bear some relation to the

extent that the party actually prevailed.'" DE 321 at 5 (quoting Beckman Instr. Inc. v.

LKB Produkter AB, 892 F.2d 1547, 1554 (Fed. Cir. 1989)).  Therefore, Plaintiffs argue,

Defendants should only be entitled to costs incurred in connection with their Renewed

Motion.  This argument is without merit.  In Beckman, the court found that only a partial

award of fees was appropriate because the plaintiff only prevailed on two of its five

5

claims.  In the instant case, however, Defendants prevailed on *all* claims, as all of Plaintiffs' claims were dismissed with prejudice.  See DE 308.  Therefore, the Court concludes that Defendants are entitled to all costs that they have requested and are authorized by statute.

### C. Specific disputed costs

As noted above, in their Reply to this motion, Defendants submitted a more limited list of costs in the event that the Court found that this case was not exceptional. And while the Court found that the case is exceptional, the Court will decline to award costs beyond those authorized by 28 U.S.C. § 1920 for the same reasons as those stated in the Order Denying Defendants' Motion for Liability for Attorneys' Fees [DE 328].  See DE 328 at 16-17.  Therefore, the Court will limit its analysis to the items listed in Defendants' alternative, limited list of costs.

Plaintiffs concede that if the Court finds that Defendants are the prevailing party as to all aspects of the suit, then Defendants are entitled to certain costs.  Accordingly, Plaintiffs do not dispute most of the items in Defendants' alternative list of costs. Plaintiffs admit that Defendants are entitled to a $40.00 witness fee for C.K. Rhee (see DE 321 at 16); $182.70 for one copy of Andre Batista's deposition transcript (id. at 12); $52.50 for one DVD copy of C.K. Rhee's testimony, and $308.05 for a copy of the transcript (id. at 12); $699.30 for the bench trial testimony of Svein Abrahmanson (id. at 6-7 and n.2); and $4,401.90 for the transcript of the hearing held on June 4, 2009, and the trial held from June 15 through June 19, 2009 (id. at 6-7 and n.3).  They further concede that the Court may award Defendants $461.70 for the cost of one copy of the deposition transcripts of Sabiha Mantalvan and Svein Abrahamsen.  Id. at 12.  In total,

therefore, the parties agree that Defendants are entitled to $6146.50 in costs.

The only issue that Plaintiffs dispute is whether Defendants are also entitled to the cost of overnight expedited shipping of the Mantalvan and Abrahmsen transcripts. In this District, "a prevailing party may recover [expedited shipping] costs only by a showing of need or extraordinary circumstance to justify that expense, and not solely for the convenience of counsel." George v. Fla. Dep't of Corr., No. 07-80019-CIV-DIMITROULEAS/ROSENBAUM, 2008 U.S. Dist. LEXIS 109239,a t *16 (S.D. Fla. May 23, 2008).  Here, Defendants assert that overnight shipping was necessary because Plaintiffs refused to produce the witnesses for deposition, and the Court ordered them produced for deposition on the evening of the first day of trial.  Indeed, at trial, Defendants argued in their Motion in Limine to Preclude Damages Evidence [DE 95] that Plaintiffs had failed to produce several witnesses during and after the discovery period.  See DE 194 at 49-51.  Plaintiffs responded that they had made the witnesses available on multiple occasions during the discovery period, but that Defendants failed to schedule the depositions.  Id. at 51-52.  Moreover, while Plaintiffs declined Defendants' request to schedule depositions for after the discovery period, Defendants did not attempt to compel the witnesses' depositions before trial.  Id.  After listening to the arguments of counsel, the Court determined that it was "not placing the fault [for the lack of depositions] on either side."  DE 194 at 57.  The Court then denied the motion, and permitted Defendants to depose those witnesses.  DE 132 at 2.

Upon review of the record, the Court finds that the parties failed to schedule a mutually agreeable deposition date, and that Defendants made no effort to compel the witnesses' depositions after the discovery period but prior to trial.  Therefore, in light of

7

the Court's previous determination, it does not appear that there was any 'extraordinary circumstance' justifying the expense of overnight shipping.  Accordingly, Defendants' request for the costs of overnight shipping will be denied.

### III. CONCLUSION

Thus, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.  Defendants' Bill of Costs [DE 319] is **GRANTED in part and DENIED in part**.

2.  Defendants shall recover $6146.50 in costs related to the litigation of this action.  The Court will enter a separate judgment in favor of Defendants for the total amount of costs found taxable.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 3rd day of April, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF.

8